# In re ESTATE OF WILLIAM F. STROUP, Deceased.

## (166 N. W. 155.)

(File No. 4222.    Opinion filed January 18, 1918.    Rehearing denied March 8, 1918.)

1.  **Executors and Administrators—County Court, Jurisdiction of to Open Order Disallowing Claim—Notice of Motion, Service on Attorney, Effect.**

    The contention that because of the fact that notice of a motion for an order opening up a judgment of county court disallowing a claim, served before final distribution and discharge of administrator, was served upon administratrix's attorney instead of upon her; and that therefore the court had no jurisdiction to open the judgment, is without merit; construing Prob. Code, Sec. 12, as amended by Laws 1913; Ch. 164, relative to similarity of practice and procedure in county courts as that provided for circuit courts under Code Civ. Proc.; and Code Civ. Proc., Sec. 553, relating to service of papers on parties and attorneys.

2.  **Courts—County Court, Jurisdiction of—Setting Aside Order—Jurisdiction—Statutes.**

    The county court, acting in probate, is a court of general jurisdiction, and as such, has the same inherent power over its orders and judgments as is vested in other courts of general jurisdiction under Code Civ. Proc., Sec. 151, authorizing court to relieve from a judgment, etc., and Prob. Code, Sec. 12, as amended by Laws 1913, Ch. 164, in effect making process, their force and effect, etc., in county courts the same as in circuit courts; and Laws 1909, Ch. 63, amended by Subd. 10, Sec. 1, Prob. Code, conferring power on county court to open orders and judgments.

3.  **Courts—Disallowance of Probate Claim—Suit on Claim in Circuit Court, Whether Exclusive Remedy—Remedies Distinguished.**

    The statutory provision authorizing a claimant whose claim has been disallowed by county court, to sue within a specified time in circuit court, is an independent remedy; and does not render unavailing claimant's right to have county court's adverse judgment opened up in a proper case, either as to grounds upon which or time within which relief may be granted.    So **held**, where time for suing in circuit court had expired before claimant knew its claim had been so disallowed.

4.  **Executors and Administrators Hearing on Probate Claim, Default of Claimant—Notice of Hearing, As Excuse.**

    Where record showed that no notice to claimant of a hearing upon its probate claim was given as required by Laws

1913, Ch. 207, until some time after disallowance of claim, claimant's neglect to appear on hearing was excusable.

5. **Same—Setting Aside Disallowance of Claim, for Excusable Neglect—Misinformation re Notice of Hearing, Diligence Thereafter, Effect—Limitations Statute.**

Where a probate claimant received notice of hearing on claims two weeks after date set in notice of hearing, the evidence clearly showing that claimant was led, through misinformation from its attorney, to believe the claim had not been passed on; and upon learning of the judgment, and within four months thereafter it had obtained an order opening it up, due diligence in so doing was shown; and it was not bound by the disallowance, nor barred by Code Civ. Proc., Sec. 151, relating to setting aside judgments, from having the disallowance set aside after one year.

Appeal from Circuit Court Beadle County. Hon. Alva E. Taylor, Judge.

In the matter of the estate of William F. Stroup, deceased. From an order of the circuit court affirming an order of the county court, granting a motion to open a judgment disallowing a claim, the administratrix appeals. Affirmed.

*A. W. Wilmarth,* for Appellant.

*Parliman & Parliman,* for Respondent.

(2) To point two of the opinion, Appellant cited: Rev. Edition, vol. 3, American & Eng. Ency. of Law, page 329-30; Benedict v. Johnson, 4th S. D., 287; Levy v. Superior Court, 73 Pac. 417.

Respondent cited: Beach v. Beach, 6 Dakota 371; 43 N. W. 701.

(2) To point two of the opinion, Appellant cited: Comp. Laws 1887, Sec. 5962; Rev. Code 1903, Sec. 345; Laws 1890, ch. 78; Secs. 9, 345, Prob. Code; in re Estate of Hudson, 63 Calif.; vol. 15 Ruling Case Law, P. 690; Furman v. Furman, 153 N. Y. 309. Note 60 A. S. R. p. 633; Hitchcock v. Genesee Probate Judge 99 Mich. 128, 57 N. W. 1097; Pettee v. Wilmarth, 5th Allen 144 (Mass.); Code Civ. Proc. Sec. 151; Moore v. Hillebrant, 14 Tex. 312; 65 American decisions, 118; Law 1913, Chapter 207.

Respondent cited: Prob. Code, Sec. 25, Subd. 10; Sec. 12; Sec. 1; In re Packer City Tire & Rubber Co. (S. D.) 162 N. W. 897; Straub v. Lyman Land Co., (S. D.) 142 N. W. 734; Lutz v. Valcom, 53 Pac. 523.

(3) To point three of the opinion, Appellant cited: Wilkes v. Cornelius, 21 Ore. 348; 28 Pac. 135; Johnston v. Schofner, 23 Ore. 111; 31 Pac. 254; Pruitt v. Muldrick, 39 Ore. 353; 65 Pac. 20; Moore v. Hillbrant, 14 Tex., 312. 65 Am. Dec. m. 118.

Respondent cited: Hicks v. Oliver, 14 S. W. 575.

(5) To point five of the opinion, Appellant cited: Barkley v. Blackinton, 127 Calif., 189. 59 Pac., 834.

WHITING, P. J. In the due course of probate proceedings, a claim was presented to the administratrix. Acting under the provisions of section 174, Prob. Code, as amended by chapter 207, Laws 1913, the administratrix made her report on claims presented; the county court fixed a day for a hearing upon such claims; and, upon a date to which the hearing was adjourned, such court entered its written order or judgment by which it was adjudged, among other things, that the claim first above mentioned be disallowed. More than a year subsequent to the entry of such judgment the claimant moved the county court for an order opening up such judgment, so far as it pertained to its claim, and providing that a date should be fixed at which such court would again consider such claim. An order was entered granting the relief asked for. From such order an appeal was taken to the circuit court upon questions of law only, and the order was affirmed; and from such judgment of affirmance this appeal was taken.

[1] Appellant contends that the county court acquired no jurisdiction to open up its judgment because of the fact that the notice of motion was served on the attorney for the administratrix instead of upon the administratrix. There is no merit in such contention. We refrain from expressing or intimating any views upon the question of whether or not a notice of motion, which sought to open up an administration of an estate after an order of final distribution and discharge of administrator had been entered, could be properly served upon the attorney who had been attorney of record for the administrator. In this case the administration was not closed at the time the motion was made, and service upon the record attorney for administratrix was clearly sufficient. Section 12, Prob. Code, as amended by chapter 164, Laws 1913; section 553, C. C. P.

[2] Appellant contends that the order disallowing the claim

was a final order, and that the county court was without power to open, set aside or vacate it, at least after the term at which such order was entered. The county court, in the probating of estates, is a court of general jurisdiction. Blackman v. Mulhall, 19 S. D. 534, 104 N. W. 250. As such court of general jurisdiction it has the same inherent powers over its orders and judgments as is vested in other courts of general jurisdiction. Moreover, section 151, C. C. P., provides:

"The court may  *  *  *  in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.  *  *  *"

And section 12, Prob. Code, as amended by chapter 164, Laws 1913, provides:

"The process, pleadings, practice and modes of procedure and costs in the county courts shall be the same as provided for in the circuit courts of this state by the Code of Civil Procedure, or as may hereafter be provided for by law, and the process, orders, judgments, and decrees of such county courts shall have the same forms, force, lien, and effect as in the circuit court, and the clerks of said county courts shall charge and collect like fees in the county courts as in the circuit courts for similar services."

But to place the power of the county court beyond all possible question, the Legislature, by chapter 63, Laws 1909, amended Subdivision 10, Sec. 25 Prob. Code, so that it expressly gives to the county court the power to "open up  *  *  *  any order or judgment made by such court." This was exactly what the county court did in the present case.

[3]  Appellant contends that the provision of statute, which authorizes a claimant, whose claim has been disallowed by the county court, to bring an action in circuit court thereon, provides the sole remedy that was open to the claimant after the county court had disallowed its claim. In this case, the statutory time allowed for bringing such action had expired before claimant knew that its claim had been so disallowed, and therefore, if appellant is right in her contention, claimant was without any remedy. A claimant's right to have a county court's judgment opened up in a proper case is in no manner affected or controlled

—either as to grounds upon which or as to time within which
relief may be granted—by the statutoryy provision giving a claim-
ant the right, within a limited period, to bring an action upon
a rejected claim.   These remedies have no relation whatsoever
the one to the other.

[4, 5]   Appellant lastly contends that the county court was
not justified in opening up the order because:

"There was no claim of fraud or mistake of any kind in
procuring the order and judgment which is sought to be set aside.
The only claim, directly or indirectly, of any mistake or of any
fraud or of any misinformation, accurred subsequent to the time
of the order and judgment of January 4, 1915."

This contention has absolutely no support in the facts.   In
the affidavits upon which claimant's motion was based, the facts
claimed were fully set forth.   For the purposes of this appeal
the evidence must be resolved most favorably to the claimant.
The county court fixed January 2, 1914, as the date for consid-
eration of claims filed.   The statute (chapter 207, Laws 1913) re-
quires notice to be given to every claimant by the mailing of a
notice at least ten days prior to the date of hearing.   Under the
record herein we are bound to assume the county court found
that such notice was not mailed to claimant until two weeks after
the date set for such hearing, and twelve days after the county
court had entered its judgment disallowing claimant's claim.   Such
being the facts, claimant's neglect to appear at the time fixed
for hearing claims was clearly excusable, there being no evi-
dence that it had received notice from any other source.   But
appellant claims that, when on January 17, 1915, claimant did
receive the notice of hearing, it had such notice as put it upon
inquiry; that, if proper inquiry had been made, claimant would
have ascertaindd, more than one year prior to the time when
he applied to have the judgment opened up, that such judg-
ment had been entered; and that, therefore, under the pro-
visions of section 151, C. C. P., supra, it was barred, owing
to lapse of time, from any right to such relief.   Happily there
is no dispute as to facts.   The uncontradicted evidence (in the
form of correspondence between claimant and the attorney for
the administratrix) discloses that claimant was led, through
misinformation coming from such attorney; to believe that the

county court had not passed on its claim; and, although it used all the diligence which the circumstances demanded of it, it was not until December, 1915, that claimant was advised of the judgment disallowing its claim. After receiving such advice it acted with due diligence and in less than four months had obtained the order appealed from.

The judgment of the circuit court is affirmed.