JACQUISH, Appellant, v. DEMING et al, Respondents.

(167 N. W. 157.)

((File No. 4231.   Opinion filed March 26, 1918.)

1.  Courts—Circuit Court, Constitutional Jurisdiction of, Legislative Power to Deprive—Probate Jurisdiction—Statute.

Assuming that allegations of complaint bring the case within purview of Prob. Code, Sec. 16, providing that in counties having less than a certain population, county courts shall have exclusive original jurisdiction in probate and set-tlement of estates of decedents, held, it is beyond the leg-islative power to deprive the circuit court of jurisdiction con-ferred by Const., Art. 5, Sec. 14, providing that circuit courts shall have original jurisditcion of all actions and causes at law and in equity; construing a complaint involving deter-mination of relative rights of the parties, to unadministered realty and an accounting.

2.  Executors and Administrators—Intestate Estates, Title to, De-cree of Distribution, Effect re Title

Under Civ. Code, Sec. 1093, providing that the property, real and personal, of one dying intestate, passes to his heirs, subject to control of county court and to possession of the administrator, etc., title thereto does not originate from a decree of distribution of county court; such decree having no other effect than to release title of which heirs became vested, on death of ancestor, from conditions of administration to which it was subject, and to furnish heirs with legal evidence of such release.

3.  Same—Suit to Determine Heirship Rights, Accounting for Use and Profits—Complaint, Unadministered Estate, Status, Under Pleading.

Under a demurred-to complaint setting up heirships to intestate decedent's unadministered estate, and praying for an accounting by an heir who took possession and used the realty for a series of years, held, that the situation presented by the complaint is, in legal effect, the same as though said estate had been administered upon, debts paid and heirships

adjudicated; the parties to the action being sole heirs of decendent.

4.   **Same—Unadministered Estate of Intestate—Suit to Determine Heirship Rights, Accounting—Jurisdiction of Circuit Court, Versus Probate Jurisdiction—Relative Reliefs.**

 In a suit the parties to which were sole heirs of an intestate, to determine relative rights and establish title to decedent's estate, and for an accounting by ·a defendant alleged to have taken possession, farmed, etc., the realty, the complaint alleging that decedent owed no debts, that no proceedings were had for probate of her estate, and that the rights of certain defendants were inferior to those of plaintiff, who was the owner by inheritance of an undivided share of the estate, and for sale of the lands and that profits be brought into court, etc., held, that the complaint stated a cause of action within the equity powers of the circuit court, as against the claim that county court in probate had exclusive jurisdiction; that probating the estate would not render rights of heirs more effective, nor afford the full and speedy relief demanded and which can be administered in such suit; that the circumstances involved are so exceptional, that said court should assume and exercise jurisdiction, as a court of equity, said circumstances being of such an essential nature that a probate court is incompetent to give equally prompt and adequate relief.

5.   **Pleadings—Intestacy—Death of Ancestor, Presumption From, of Intestacy, of Title in Heirs—Statute.**

 In a suit to determine relative rights of heirs· to an intestate's unadministered estate, held, that, the death of the ancestor being alleged, it is presumed, in absence of allegation and proof to the contrary, that he died intestate, and that title to his realty has passed to his heirs by descent; that the same presumption prevails as to personalty, under Civ. Code, Sec. 1093, providing that property of one dying intestate passes to his heirs, subject to control of county court and to possession of an administrator, etc.

Appeal from Circuit Court, Sanborn County.   Hon. FRANK B. SMITH, Judge.

Action by Abstein Jacquish, against William M. Deming and others, to determine relative rights to the unadministered estate of a decedent, for an accounting, and for other relief.   From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

 *Null & Royhl,* for Appellant.
 *Baldwin & Lyons,* for Respondent.

(4)   To point four of the opinion, Appellant cited:  Prob. Code, Sec. 147; Mears v. Smith, 19 S. D., p. 79; Welch v. Krause, (S. D.) 161 N. W. 189; O'Keefe v. Behrens, 73 Kan. 469, 88 Pac. 55; 8 L. R. A. (N. S.) 354; Laws 1905, Ch. 81, Sec. 4; 14 Cyc. 142, 143, 157, 159, and cases cited.

Respondents cited:  I Pom. Eq. Juris. Section 349; Buchanan et al v. Buchanan (N. J.) 71 Atl. 745; Ware v. Galveston City Company, 111 U. S. 170; Hazelton v. Bogardus (Wash.) 85 Pac. 602.

SMITH, J.   Appeal from an order sustaining defendants' demurrer to plaintiff's complaint.   Briefly stated, the complaint alleges that the plaintiff and the defendants are the sole heirs at law of one Rachael J. Deming, who died about January 12, 1909, the owner of certain real estate in Sanborn county, and of certain money, cattle, horses, and personal property, of the value of about $1,500; that upon the death of Rachael J. Deming the defendant William M. Deming took possession of all of said personal property and converted the same to his own use, except that he applied a portion thereof to payment of the expenses of the last sickness and funeral expenses of Rachael J. Deming; that he has continuously lived upon, farmed, and cropped said lands, and appropriated the entire proceeds arising therefrom to his own use; that the reasonable value of the use of said lands, from January 12, 1909, to the beginning of this suit, is the sum of $2,000; that at the time of her death Rachael J. Deming did not owe any debts, and that no proceedings were ever had for the probate of her said estate; that the defendant William M. Deming has never accounted for or paid over to plaintiff any part of the aforesaid money or personal property, and has never accounted for or paid over to her any rents and profits arisings from said lands, or for the use thereof; that the defendants Paulson, Rasely, and Johnson have or claim some right, title, or interest in and to said lands, but that said right, title, or interest is inferior to the title of this plaintiff, who is the owner, by inheritance, of an undivided one-fifth of said lands and personal property.   Plaintiff prays that she be awarded a decree establishing her rights as the owner of an undivided one-fifth of said lands; that the right, title, or interest of all defendants in said lands be determined, and that the right, title, or interest of the defend-

ants Paulson, Rasely, and Johnson be adjudged inferior to the title of this plaintiff; that said William M. Deming be required to account for the personal property above mentioned and for the use of said lands, and that the lands be sold and the proceeds thereof brought into court, and that the defendant William M. Deming be required to account for the personal property hereinbefore mentioned and for the use of said lands; that the money and property referred to be distributed among the several parties to this suit according to their rights and in proportion to their interests therein. Defendant demurs, on the ground that the facts stated in the complaint do not constitute a cause of action, that the court had no jurisdiction of the subject of the action, and the plaintiff has no legal capacity to use.

[1]  Appellant's contention is that the circuit court is vested with equity powers equivalent to those possessed by the federal courts in the matter of the estates of deceased persons, conceding, however, that equity courts will refuse to exercise such jurisdiction, unless the case involves exceptional circumstances warranting the interference of equity. Respondent appears to rely upon section 16 of the Probate Code, which is as follows:

"In all counties having a population of less than 10,000, the county court shall have exclusive original jurisdiction in the matters of probate, and settlement of estates of deceased persons."

Assuming that the allegations of the complaint are sufficient to bring this case within the purview of that section, it is clearly beyond the legislative power to deprive the circuit court of jurisdiction conferred by the state Constitution. Section 14, art. 5, Constitution. Trotter v. Mutual Life Ass'n, 9 S. D. 596, 70 N. W. 843, 62 Am. St. Rep. 887; Welsh et al. v. Krause, 38 S. D. 264, 161 N. W. 189. It remains to be determined whether the facts alleged in the complaint present such exceptional circumstances as to warrant the interference of equity, or of such an essential nature that a probate court is incompetent to give equally prompt and adequate relief.

[2]  Section 1093, Civil Code, provides that the property, both real and personal, of one who dies without disposing of it by will passes to the heirs of the intestate, subject to the control of the county court and to the possession of any administrator appointed by that court for the purpose of administration. No

title originates from a decree of distribution of the county court. Such decree has no other effect than to release the title of which the heirs become vested, on the death of the ancestor, from the conditions of administration to which it was subject, and to furnish the heir with legal evidence of such release. Carter v. Frahm, 31 S. D. 379, 141 N. W. 370.

[3, 4] The situation presented by the allegations of the complaint and the demurrer is, in legal effect, the same as though the estate of the decedent had been administered upon, debts paid in full, and heirship adjudicated; parties to the action being the sole heirs of the decedent. The demurrer admits that one of the heirs has taken and is in possession of the entire assets of the estate, both real and personal, and has had the use, rents, and profits thereof for a long period of time. The plaintiff demands an accounting therefor, and an adjudication of the rights and interest of plaintiff and all the other heirs. The probating of the estate would not render the rights of the heirs more effective, nor would it afford the full and speedy relief demanded and which can be administered in this action. We are of the view that the case involves circumstances so exceptional that the court should assume and exercise jurisdiction.

[4] Respondents also contend that the complaint is insufficient, in that it does not allege intestacy of decedent. The death of the ancestor being shown, it is presumed, in the absence of allegation and proof to the contrary, that he died intestate, and that title to his real estate has passed to his heirs by descent. The same presumption would prevail as to personal property under our statute. Civil Code, § 1093, supra; Lyon v. Kain, 36 Ill. 362; Mitchell v. Thorne, 134 N. Y. 536, 32 N. E. 10, 30 Am. St. Rep. 699.

The order of the trial court is reversed.