THOMPSON et al, Appellants, v. LAKE MADISON
CHAUTAUQUA ASSOCIATION OF SOUTH
DAKOTA et al, Respondents.

(170 N. W. 578).

(File No. 4436.   Opinion filed January 30, 1919.   Rehearing Denied
March 29, 1919.)

1. **Wills—Devise, Whether in Fee or for Life—Decree of Distribu-
   tion Construing Will, Effect—Probate Jurisdiction, Conclus-
   iveness of Decree—Will, Not Decree, Source of Title.**

   A will in one clause devised all of decedent's property, other
   than some small legacies, etc., to his wife, under which clause
   a fee simple title to the land in question would have vested in
   her; this clause being followed by one claimed by respondents
   to have been merely precatory in nature and effect, appellant
   contending it denotes an intent to devise but a life estate with
   a contingent remainder over to appellants; the decree of distri-
   bution adjudging that the land "be and the same is set over
   unto" (the wife) "her heirs and assigns as provided in and by
   the terms of the will, the same to be unto her and her heirs and
   assigns forever." Appellants contended that the probate court
   construed the will and by the words quoted from the decree
   trial court determined that the will gave the wife only a life
   estate.   **Held,** that the county court, having jurisdiction to con-
   strue a will so far as a construction thereof may be necessary
   in administration of an estate, its decree, even though erroneous,
   was conclusive upon appellants, · claiming under the will as re-
   maindermen, as well as upon testator's wife.   This, although
   the estate passed by the will, not by the decree, which merely
   determined what passed by the will.   So **held,** in a suit to quiet
   title under a warranty deed from the wife.

2. **Courts—Probate Court, Jurisdiction, Presumptions, Conclusive-
   ness, Re Records, Judgments, Etc.—Construing Will, Effect—
   Statute.**

   Pol. Code, Sec. 2, Rev. Code Dak. Ter. 1877, being Pol. Code
   1903, Sec. 26, and Rev. Code 1919, Sec. 3173, providing that
   proceedings of the probate court are construed in same manner
   and with like intendments as those of courts of general juris-
   diction, and to its records, orders, judgments, and decrees are
   accorded like force, effect and legal presumptions as to courts
   of records, decrees of circuit court, etc., confers jurisdiction
   upon the probate court, under which its decrees of distribution,
   construing a will devising realty, is conclusive upon appellants,
   claiming as remaindermen under the will as well as upon the
   devisee by name and those claiming under her.

3.  **Wills—Devise in Fee Simple, Probate Decree Construing Will, Whether Decreeing Life Estate—"Heirs and Assigns," as Words of Limitation, Not of Purchase.**

    Where a will, in a general clause devised realty in terms which would have vested in devisee a fee simple title, devisee's name being followed by the words "her heirs and assigns," was followed by another clause which respondents contend was merely precatory in nature and effect, but which appellants contend denoted intent to devise in said clause a life estate with contingent remainder to appellants; the decree of probate court in distribution having adjudged that the land "be and the same is set over unto her" (the wife) "her heirs and assigns as provided in and by the terms of the will, the same to be unto her, her heirs and assigns forever;" held, that the decree of distribution adjudged to said devisee a fee simple; the closing words "the same to be unto her, her heirs and assigns forever," making this clear; said words being thereby construed as words of limitation and not of purchase or substitution.

4.  **Estates of Decedents—Decree of Distribution, Petition For, Wanting—Concession of Regularity, No Exception, Effect.**

    Upon an appeal in a suit to quiet title, involving a probate decree of distribution, appellants having, in circuit court and in their brief upon appeal, conceded that the probate proceedings were regular, there being no exception to trial court's finding or conclusion, no specification of error, and no assignment of error presenting such contention, held, that appellants may not in their reply brief for the first time suggest that the decree of distribution was void because not based upon a petition for distribution; nor is such case within the rule that where court is without jurisdiction of subject matter the proceedings are void and jurisdiction of questions may be raised at any time, even on appeal. So held, on appeal in a action to quiet title to land devised in a will; jurisdiction both of circuit court and Supreme Court in present action being unquestioned.

Appeal from Circuit Court, Lake County. Hon. Louis L. FLEEGER, Judge.

Action by Susan Frances Thompson, and others, against the Lake Madison Chautauqua Association of South Dakota, and others, to quiet title to realty. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Affirmed.

*F. L. Soper, (Frank R. Aikens of counsel),* for Appellants.
*Farmer & Farmer,* and *Chas. J. Porter,* for Respondents.

(1) To point one of the opinion, Appellants cited:

Carter v. Frahm, 31 S. D. 379; 141 N. W. 370; Jacquish v. Deming, (S. D.) 167 N. W. 154; Cheever v. Ching Hong Poy 22 Pac. 1081 (Cal.); Coats v. Harris, 75 Pac. 243 (Idaho); and to said point, re jurisdiction; Arengaard v. Arengaard, (N. D.) 75 N. W. 794; Ward v. Du Pree, (S. D.) 94 N. W. 397; Youngsen v. Bond, (Minn.) 5 A. & E. Ann. Cases 191; Ross on Probate Law and Practice Vol. 1, 847.

(2) To point two, Respondents cited:

Bostwick v. Skinner, 80 Ill. 147-152; Morford v. Diffenbacker, 54 Mich. 593; Matson v. Swenson, 5 S. D. 191.

(3) To point three, Appellants cited:

Knox v. Knox, 18 N. W. 155; Mee v. Gordon, 187 N. Y. 400; 10 A. & E. Ann. Cas. 172; Moran's Will, (Wis.) 96 N. W. 367; Taylor v. Taylor, 91 N. W. 71; Watson v. Wolf-Goldman, R. C. 22 A. & E. Ann. Cases 540 (95 Ark. 18; 128 S. W. 581).

Respondents cited:

Secs. 1041, 1050, Civ. Code; Moran v. Moran, (Mich.) 106 N. W. 206; Roberts v. Lewis, 153 U. S. 369; Ide v. Ide, 5 Mass. 500; Williams v. Allen, 37 Iowa 270; Gannon v. Albright, 67 L. R. A. 97.

(4) To point four, Respondents cited:

Coepke v. Hill, 60 N. E. 1039; Gray v. Brignaardetto, 17 U. S. (L. ed.) 693.

WHITING, J. Action to determine title to a tract of real estate, formerly owned by one B. B. died in 1880 leaving a will. The printed record shows that this will was duly probated, and decree of final distribution entered and recorded in the year 1883. By one clause of said will all of B's property, other than some small legacies and a government tree claim, was devised and bequeathed to his wife. Under this clause it is clear that a fee-simple title to the land now in question would have vested in the wife. This clause was followed by one which respondents contend was merely precatory in nature and effect; but appellants contend that it denotes a clear intent on the part of B. to devise to his wife a life estate in this land with a contingent remainder over to appellants. The decree of distribution adjudged that said land "be and the same is set over unto Melissa Baker, here heirs and assigns as provided in and by the terms of the wil aforesaid,

the same to be unto her and her heirs and assigns forever." Melissa Baker was the wife named in the will. In the year 1883 she conveyed this land by warranty deed and through and under this respondents claim title.

[1] Appellants have devoted much space to a discussion of what they claim to be a proper construction of the will; and yet they not only admit, but "contend, that in the administration proceedings the probate court of Lake county did construe said will." They further contend that, by the words which we have quoted from the decree of final distribution, the trial court determined "that the will only gave to Melissa Baker a life estate in the land in question." Furthermore, in the face of the settled law of this state as announced by this court in Re Sjurson's Estate, 29 S. D. 566, 137 N. W. 341, namely, that the county court has jurisdiction to construe a will so far as a construction of the will may be necessary in the administration of an estate, appellants advance the startling doctrine that, if by its decree the probate court intended to set over to the widow an estate in fee when the will only gave her a life estate, such action of the probate court would be "without authority and not binding upon these plaintiffs' the remaindermen"; in other words, if a court in the exercise of its undisputed jurisdiction, errs in its judgment, then such judgment is of no binding effect, even though unquestioned for 30 years. Appellants claim to find support for this contention in the holding of this court in Carter v. Frahm, 31 S. D. 379, 141 N. W. 370, and Jacquish v. Deming, 40 S. D. 265, 167 N. W. 157, wherein it was held that no title originates from the decree of distribution. Appellants for some reason wholly fail to understand what the court had in mind in its opinions in those cases. A. makes a deed to B., conveying land. The estate conveyed, whatever it may be, passes by the deed; if A. and B. disagree as to what estate was conveyed and a court is called upon to settle and adjudicate such dispute, its judgment conveys no estate, but merely determines what estate the deed conveyed. The court may err, and yet theoretically the judgment conveys no estate. So it is in the case of a will—the estate passes by the will and any decree construing the will merely determines what passed under the will, and such decree theoretically passes no

estate, although its effect may be to adjudicate that a greater or lesser estate passed than in reality was conveyed.

[2] Section 2, P. C., Rev. Codes Dak. Ter. 1877, being the same as section 26, P. C. 1903, and section 3173, Rev. Code 1919, provided:

"The proceedings of this [probate] court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees there are accorded like force, effect and legal presumptions as to the records, orders, judgments and decrees of circuit courts."

The above section is clear in its wording, and means just what it says, and the decree of distribution now before us was conclusive upon the appellants as well as upon Melissa Baker. Blackman v. Mulhall, 19 S. D. 534, 104 N. W. 250; Phillips v. Phillips, 13 S. D. 231, 83 N. W. 94; Matson v. Swenson, 5 S. D. 191, 58 N. W. 570; Sjoli v. Hogeson, 19 N. D. 82, 122 N. W. 1008; Stenson v. Halverson Co., 28 N. D. 151, 147 N. W. 800, L. R. A. 1915A, 1179, Ann. Cas. 1916D, 1289.

[3] What is the proper construction to be put upon the decree of distribution? Did it adjudge Melissa Baker to have received but a life estate? It clearly adjudges her to have received the fee simple; the closing words above quoted make this clear. It was as though the probate court had said that the land was "set over unto Melissa Baker, her heirs and assigns as provided in and by the terms of the will, to will, unto her and her heirs and assigns forever." By the use of the words "heirs and assigns" the probate court clearly indicated that it construed such words in the will as words of limitation and not of purchase or substitution.

It follows that by such decree, whether it was erroneous or not, it was effectually adjudged that the will gave Melissa Baker the fee title to said land. We might well suggest in passing that, in Jackson v. Littell, 213 Mo. 589, 112 S. W. 53, 127 Am. St. Rep. 620, in which the court had before it a will wherein one clause was a clear grant of a fee to testator's wife and wherein such clause was followed by a clause practically identical in its wording with the clause in the will before us, which clause appellants insist denotes an intent to give the widow but a life estate,

the court construed such will to give the wife a fee-simple estate.

[4] By their reply brief appellants for the first time suggest that the decree of distribution was void because not based on any petition for distribution. They make this claim after having conceded in this court, and clearly in the circuit court, that every step in the probate proceedings was regular. There is absolutely no exception to the trial court's findings or conclusion, no specification of error, and no assignment of error presenting any such contention. Appellants attempt to justify their presenting this question in their reply brief by stating, and citing authorities to support, the proposition that "where the court is without jurisdiction of the subject matter the proceedings are void, and the juricdictional question may be raised at any time, even in the appellate court." We would suggest to appellants that this is not an appeal from the decree of distribution. This is an appeal from an action to try title to real estate. The jurisdiction of both the circuit court and this court in the present action is unquestioned. The rule to which appellants refer has no application to the situation here presented.

In view of our holdings on the questions already discussed, it becomes unnecessary to consider other questions presented.

The judgment and order appealed from are affirmed.