BEHRENS LUMBER CO., Respondent, v. EV. LUTHERAN GOOD SAMARITAN SOCIETY, et al, Appellants.

(278 N. W. 10.)

(File No. 8105.   Opinion filed February 25, 1938.)

*Mason & Thurow,* of Aberdeen, for Appellant.

*Van Slyke & Agor* and *Douglas Bantz,* all of Aberdeen, for for Respondent.

RUDOLPH, J. When Fred C. Harms died on the 25th day of February, 1934, there were in existence two corporations having identical names, to wit: Evangelical Lutheran Good Samaritan Society, a North Dakota corporation; and Evangelical Lutheran Good Samaritan Society, a South Dakota corporation. Fred C. Harms left a last will and testament which, among other provisions, contained the following: "I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, of every kind, nature and description, to the following named persons, in the following proportions: * * * to the Evangelical Lutheran Good Samaritan Society, and its successors, said fund to be used at the Good Samaritan Hospital at Aberdeen, South Dakota, Five per cent (5%) thereof. * * *" This will was admitted to probate in Brown county, S. D., and during the progress of the administration of the estate a partial distribution thereof was made. In the order decreeing partial distribution, so far as here material, the devisee was described as: "Evangelical Lutheran Good Samaritan Society, a corporation of Aberdeen, South Dakota," and the officers of the South Dakota corporation receipted for and received this partial distribution. However, a decree entered September 25, 1936, designated a final decree of distribution, simply assigned the residue as follows: "To Evangelical Lutheran Good Samaritan Society, 5% thereof." The plaintiff, a creditor of the North Dakota corporation, garnisheed the executor of the Harms estate after the entry of the decree of September 25, 1936, claiming that the residue in the hands of the executor was property belonging to the North Dakota corporation. Issue was joined in

the garnishment proceedings and the trial court after a hearing held "That the County Court of Brown County made absolutely no adjudication as to which society is entitled to the residue mentioned in the final decree in the Harms estate," and thereafter proceeded to construe the will of Fred C. Harms and concluded, as follows: "That the decedent Fred C. Harms by his will intended that the devise and bequest should go to the Evangelical Lutheran Good Samaritan Society, a North Dakota corporation." Judgment was entered in favor of the plaintiff garnishee. This is an appeal from the judgment and order denying a motion for a new trial.

Our statute, section 3469, provides as follows: "Upon the final settlement of the accounts of the executor or administrator, * * * the court must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who by law are entitled thereto."

Section 3470, as amended by Laws 1929, c. 119, § 3 provides: "In the decree the court must name the persons and the proportions or parts to which each shall be entitled. * * * Such decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside or modified on appeal."

Under these statutes there was necessarily involved in making a decree of final distribution in this estate the determination of whether the North Dakota or South Dakota corporation was entitled to the residue remaining in the hands of the administrator. Without such determination it was impossible for the county court or any one else to decree a proper distribution of the estate. This determination was necessary before the court could distribute the residue of the estate "among the persons who by law are entitled thereto," and, under the statute, enter its final decree of distribution. As stated in Bancroft's Probate Practice, volume 3, § 1151: "Heirship is necessarily involved in making distribution. If the matter of who are the rightful heirs has not sooner been determined, it must then be adjudicated." Under the clear wording of our statutes it seems obvious that this rule must also apply to devisees under a will. Until there has been a final decree of the county court finally setting over to the heir or devisee his distributive share of the estate, the heir or devisee has

no present right to the property of the estate, and the funds of an estate held by an executor cannot be reached by garnishment. Woodbine Savings Bank v. Yager, 58 S. D. 542, 237 N. W. 761; on rehearing, 61 S. D. 1, 245 N. W. 917. In this present case, under the findings of the circuit court, there was no decree of the county court decreeing the distribution of this residue to the North Dakota corporation, and, there being no such decree, the residue was not subject to garnishment by a creditor of that corporation.

■ Clearly, the trial court was in error in this action in proceeding to construe the will of Fred C. Harms. If the county court had not in fact determined that the North Dakota corporation was entitled to the residue in the hands of the administrator, that corporation, as stated above, had no present right to the property of the estate sufficient to support a garnishment proceeding and the trial court should have dismissed the garnishment. On the other hand, if the county court did by its decree of September 25, 1936, as a matter of fact, determine which of the two corporations was entitled to the residue of the estate, that court was acting within its unquestioned jurisdiction, and its determination would be final until reversed on appeal. Thompson v. Chautauqua Association, 41 S. D. 351, 170 N. W. 578.

The judgment and order appealed from are reversed.

ROBERTS, P.J., and POLLEY and WARREN, JJ., concur.
SMITH, J., not sitting.