In Re PADDOCK'S ESTATE

(299 N. W. 865)

(File No. 8411.   Opinion filed September 9, 1941.)

**Andrew S. Bogue,** of Parker, and **Bailey, Voorhees, Woods & Bottum,** and **M. T. Woods,** all of Sioux Falls, for Appellant.

**Everett A. Bogue,** of Vermillion, for Respondent.

RUDOLPH, J.   Orrin Paddock died in Clay County in the year 1928.   John N. Thomson, Donald McMurchie, and Erling Bervin, were appointed administrators of the estate. The petitioner, Orrin Paddock, Jr., was an heir of Orrin Paddock, and at the time of the appointment of the administrators was eleven years of age.   Donald McMurchie was appointed guardian of this minor heir.   Orrin Paddock, Jr., reached his majority on the 19th day of June, 1938.   On July 16th, 1938, a final decree was entered in the Paddock estate.   On the 14th day of July, 1939, these present proceedings were commenced, wherein Orrin Paddock, Jr., seeks to have the final decree in the Paddock estate set aside and permission granted to him to file objections to the final report and account of the administrators.   After a hearing

the county court set aside the final decree and entered its order permitting Orrin Paddock, Jr., to file objections to two certain items of the final account. No rights of bona fide purchasers or incumbrancers are involved. These two items are referred to in the proceedings as the Davis loan and the Bervin loan. An appeal was taken to the circuit court of Clay County, and the circuit court after a hearing entered an order similar, if not identical, to the order entered by the county court, wherein it is ordered that the final decree in the estate be set aside and Orrin Paddock, Jr., be permitted to file objections to the two certain items in the final account. The administrators, after permission granted, appeal to this court from the order of the circuit court.

■■ We think it clear that the county court had jurisdiction to act in the manner in which it did in this proceeding. That is, it is within the jurisdiction of the county court to open up, vacate, or set aside, its final orders or decrees. This court held in the case of In re Stroup's Estate, 40 S. D. 37, 166 N. W. 155, that the county court, at least since the enactment of Chapter 63, Laws of 1909, now SDC 32.0909 (13), as a court of general jurisdiction has the same inherent powers over its orders and judgments as is vested in other courts of general jurisdiction, and that the provisions of our present SDC 33.0108 apply to the orders and judgments of the county court. This code provision is, as follows:

"The court may * * * in its discretion, and upon such terms as may be just, * * * at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect * * *."

■ The court having jurisdiction to act, the only remaining question is whether the court abused the discretion with which it is vested. In our opinion it did not. It is not seriously questioned by the appellants that the showing made by respondent as to the Davis and Bervin loans made them improper investments, if such they may be called, of the trust funds in the hands of the executors. Without detailing the facts, we state that in our opinion the respond-

ent made a prima facie showing in the court below that these two items were of such a nature that the executors should not be entitled to credit therefore in the final account. This proceeding is not, of course, a trial upon the merits, and we have considered only the showing made by respondent relating to the nature of these two items. Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761.

We are further of the opinion that under the showing made it was within the discretion of the court to relieve the petitioner from his failure to object to the final account upon the ground of excusable neglect. The facts considered in their light most favorable to respondent disclose that Donald McMurchie, one of the executors, was also the guardian of the petitioner. The final account was filed within a few weeks after petitioner became of age. There was a close family connection between petitioner's deceased father and mother and all of the executors and their families. At the time the final account was presented, the petitioner relied upon the honesty and integrity of his guardian and the executors, and was led to believe by them that the Davis and Bervin loans were loans made by his father before his death. It also appears that these loans were reported to the county court "as per inventory", when in fact they were never included in the inventory of the estate property but were loans made by the executors after assuming their trust. Without determining whether these facts constitute fraud, either extrinsic or intrinsic, we are of the opinion that they are sufficient to bring into play the discretion of the trial court with which it is vested in proceedings of this nature. Under the reasoning of the prior decisions of this court, it was within the discretion of the trial court to determine that the neglect of petitioner in failing to object to the final account was excusable.

■ The objection to the Bervin note was not a part of the affidavit upon which the order to show cause was issued, but this objection was made a part of subsequent affidavits filed by petitioner before the hearing, and was properly before the court for its consideration.

 Throughout their briefs appellants take the position that under the provisions of SDC 35.1616 the settlement of the account of the executor is final, and that petitioner's only remedy was an appeal. We believe a complete answer to this contention is contained in the above cited case of In re Stroup's Estate, supra. This statute, upon which appellants rely, merely places the determination of the county court in the settlement of the account on the same footing as the final determination of other judicial tribunals, and does not interfere with the inherent and statutory powers of the court over its judgments or decrees.

The order appealed from is affirmed.

POLLEY, P.J., and WARREN, J., concur.
ROBERTS and SMITH, JJ., not sitting.