S.M. Ellyson, a doctor of chiropractic died in the city of Watertown in May, 1944. He left surviving him his divorced wife and seven children, three were minors. Alice Minnick, the appellant, worked as an assistant to Dr. Ellyson for a number of years before his death and there was a close relationship and friendship between the two. Shortly before his death, Dr. Ellyson wrote a letter to Alice Minnick, which, subsequent to his death, was presented to the county court as an olographic will. In addition to claiming an interest in the estate under the alleged will, Alice Minnick claimed unpaid salary due her in the amount of $1,000. Among the assets that Dr. Ellyson left was office equipment and furniture. W.E. Lilenquist, who was a salesman apparently calling upon chiropractors, interested himself in the sale of this office equipment and conferred with Mrs. Ellyson, Alice Minnick and the attorneys representing them. Lilenquist first attempted to obtain the property for $1,400 but subsequently increased this offer to $1,800 and stated that unless this amount was accepted at once that his buyer would not be interested. The Ellyson heirs were disputing the claim of Alice Minnick for unpaid salary and the validity of the alleged will. A stipulation of settlement was entered into by Alice Minnick, Mrs. Ellyson as guardian for the three minor children, two of the adult children, and Andrew E. Foley appointed by the court as attorney for Chester D. Ellyson, a son who was in the military service. Jim Ellyson, one of the adult heirs, did not sign the stipulation. The stipulation, in substance, provided that the office equipment and furniture would be sold by a special administrator, to be appointed by the county court, to Lilenquist for the sum of $1,800, that this fund should be disbursed by the special administrator, $900 to Alice Minnick and $900 to the general administrator of the estate to be subsequently appointed and that Alice Minnick would thereupon withdraw all claims against the Ellyson estate as a creditor or under the alleged olographc will. In conformity with this *Page 228 
stipulation the county court of Codington County appointed the First Citizens National Bank of Watertown as special administrator of the estate and this administrator sold the property to Lilenquist for $1,800. No notice was given of this sale and the sale was conducted simply as a private sale. Thereafter, and before the money had been disbursed by the special administrator, it appeared that Lilenquist was in the picture with ulterior motives. The property was sold to Lilenquist but it appears that Dr. Trzynka, a chiropractor, furnished the money for the purchase and it was in contemplation of the sale to Trzynka that Lilenquist purchased the property. It further appeared that Trzynka had agreed to pay $2,300 for this property and pay to Lilenquist $100 as a commission for the purchase. Trzynka actually paid to Lilenquist the $2,400. When the above information came to the knowledge of Alice Minnick and her attorney, an application was made to the county court to have the sale to Lilenquist set aside and an order entered directing the sale of the property to Trzynka for $2,300. Trzynka then appeared and requested that the order selling the property to Lilenquist be set aside and that the sale be confirmed in him for the amount of $1,800. The county judge, because of his contemplated absence at the time of the hearing upon these applications, certified the facts to Hon. Vern G. Wohlheter, Judge of the Circuit Court who presided at the hearing wherein it was sought to have the sale set aside. Judge Wohlheter set aside the sale to Lilenquist and directed that the special administrator take possession of the office and the property located therein, and that upon regaining possession he refund to Lilenquist the amount he had paid for the property and then deliver the property to the general administrator of the estate who at the time of the entry of this order had been appointed in proceedings brought for that purpose. Subsequent to the entry of this order, Lilenquist in writing tendered a return of the property to the special administrator and delivered a key to the office. However, nothing appears to have been accomplished from the time this order was entered on the 16th day of November, 1944, until the 13th day of February, 1945 when Lilenquist applied in the county court to have the special administrator comply with *Page 229 
the court's order of November 16th wherein the special administrator was directed to regain possession of the property and refund to Lilenquist the $1,800. Judge Wohlheter presided at the hearing on this application. The attorney for Alice Minnick appeared as attorney for the special administrator, and objected to Judge Wohlheter acting as county judge. This hearing was on February 24. Judge Wohlheter overruled the objection to his jurisdiction to act, and ordered the special administrator to comply with his order of November 16, 1944 before 10 o'clock a.m. of February 26, and if it failed or refused it would be held in contempt of court. The special administrator did comply with the court's order before the time fixed by taking possession of the property, delivering it to the general admnistrator, and paying to the Lilenquist's attorney the $1,800. On March 5, 1945, Alice Minnick appealed to the circuit court from the last order made by Judge Wohlheter. The circuit court dismissed the appeal and Alice Minnick has now appealed to this court.
[1-4] Just what it is appellant seeks in this appeal is not clear. This appeal is from this last order of the county county court directing the special administrator to comply with the order of November 16, 1944. The administrator has complied as ordered and purged itself of any charge of contempt. Alice Minnick, the appellant, was not a party to this last proceeding and her interest therein, to say the least, is questionable, but conceding her right to appeal from the order entered, we find no basis upon which to disturb the action of the court below. As stated above, this is an appeal from the last order entered which simply directed compliance with the order of November 16, 1944. That the county court had jurisdiction to enter the order of November, 1944, we believe, is clear. In this 1944 proceeding, the court upon the application of Alice Minnick, this appellant, determined that the prior order directing the sale of the property by the special administrator was invalid and that the sale should be set aside and the parties restored to their original positions. SDC 32.0909 (13) expressly gives to the county court authority and jurisdiction "to reopen and correct any order or judgment made by such court, * * *." It was held by this court in the case of In re Estate of William *Page 230 
F. Stroup, 40 S.D. 37, 166 N.W. 155, that the county court in the probate of estates is a court of general jursdiction and as such it has the same inherent powers over its orders and judgments as is vested in other courts of general jurisdiction. We think it clear, therefore, that when the county court on November 16, 1944 set aside its prior order, declared the sale invalid and ordered the administrator to obtain the property and refund the money, that it was clearly acting within the scope of the jurisdiction conferred upon that court and that the order entered became final and binding upon the parties at the expiration of the time provided for an appeal therefrom. SDC 35.2103. Alice Minnick, this appellant, was not only a party to the 1944 proceeding, but the order was entered upon her application, and, the order being final, she is bound thereby. The subsequent order, from which the appeal is taken, simply ordered that the special administrator do that which it was required to do under the final order of November 16, 1944, and neither changed or modified appellant's rights in any way. It follows that appellant was not prejudiced by this order from which she appeals.
Appellant complains about the special administrator appearing as respondent in this court, and bases such complaint upon the holdings of this court that under certain circumstances an administrator has no rght to appeal as a "party aggrieved." Such decisions go only to the right of an administrator to appeal and in no way support this complaint of appellant.
[5] Appellant contends that the present dispute concerns only herself and Lilenquist, and that the funds derived from this probate sale "are not a part of the estate" and "the County Court had no jurisdiction over that money." This contention is apparently made upon the basis that appellant simply sold her interest in the estate to Lilenquist and that the money belongs to her. The record, and facts above stated, so entirely refutes this contention that discussion is unnecessary. The property that was sold was an asset of the estate, not the property of this appellant or any other individual. Being an asset of the estate this property was *Page 231 
subject to the jurisdiction of the county court, and the statutory procedure of probate.
The judgment appealed from is affirmed.
KING, Circuit Judge, sitting for POLLEY, J.
All the Judges concur.