MINNICK, Appellant, v. LILENQUIST, et al, Respondents

(23 N. W.2d 804.)

(File No. 8821. Opinion filed July 15, 1946:)

**C. R. Jorgenson,** of Watertown, for Appellant.

**Walter Stover,** of Watertown, for Respondent W. E. Lilenquist. .

**Hanten & Henrikson,** of Watertown, for Respondent F. R. Trzynka.

RUDOLPH, P.J.   This action stems from the same facts set forth in Minnick v. First Citizens National Bank, 71 S. D. 225, 23 N. W.2d 161.   Plaintiff in this action alleges that Lilenquist and Trzynka unlawfully conspired to "cheat and defraud the plaintiff out of her life estate in said estate and to cause her to waive her life estate in the property of the estate and to consent to a sale of the office equipment and a surrender of the location wherein the same was located so that the same might be acquired by the defendant Trzynka." The trial court determined that it had no jurisdiction over the person or property of the defendant Lilenquist and by order dismissed the action as to him.   The defendant Tryznka moved to dismiss the complaint upon the ground that it

failed to state a cause of action against him and the trial court by order granted this motion. Plaintiff has appealed from both orders.

We consider first the Lilenquist order. The facts disclose that Lilenquist, a nonresident, was served with the summons and complaint in the state of Iowa on March 1, 1945. Plaintiff contends that Lilenquist had property within this state at the time of the service of the process in Iowa and that under the provisions of SDC 33.0812(3) and 33.0814 the court acquired jurisdiction by the service in Iowa. Whatever may be the other requirements of SDC 33.0812(3) it is essential that a nonresident have "property within this state" before there may be the substituted or constructive service of process therein provided. Lilenquist had no property in this state other than the $1,800 which he had paid to the special administrator of the Minnick estate for the office equipment and furniture. The undisputed showing before the trial court was that this $1,800 had been paid by the special administrator to the attorney for Lilenquist before 10 o'clock a. m. of February 26, 1945, as ordered by the county court, and on February 28, 1945, the attorney had remitted this money to Lilenquist in Iowa. In Minnick v. First Citizens National Bank, supra, we held that the order of the county court directing the administrator to return to Lilenquist the $1,800 was within the jurisdiction of that court and this plaintiff was bound thereby. The money having been remitted under this order before the service of the summons in Iowa, it follows that such money was not then under the custody of the court in South Dakota, as contended by appellant. The record affirmatively showing that Lilenquist had no property in this state when served with the summons in Iowa, it follows that the court acquired no jurisdiction by the service in Iowa.

The pleaded facts disclose that appellant was induced by Lilenquist to agree to a sale of the equipment and furniture of the Ellyson estate for the sum of $1,800. She agreed that upon the receipt of $900 from this sale she would withdraw all claims as a creditor of the estate or

under the alleged olographic will. We may concede that appellant was fraudulently induced to enter into this agreement, however, it appears from the complaint that Trzynka was not a party to this fraud, but that he too was a being imposed upon by Lilenquist. We agree with the trial court that the complaint fails to show "any actionable wrong on the part of Trzynka up to the time of the pretended sale by the special administrator to said Lilenquist."

Paragraph 23 alleges that after discovering the fraud perpetrated by Lilenquist, Trzynka confirmed and ratified this fraud by retaining posession of the property. However, the complaint further discloses that subsequent to the discovery of this fraud Trzynka petitioned the county court to either confirm the sale in him for the sum of $1,800 or set the sale aside. The court did set aside the sale, and ordered the property delivered to the general administrator of the estate. There was a compliance with this order. It appears, therefore, that rather than confirming the fraud of Lilenquist after its discovery, the defendant Trzynka, disavowed this fraud and sought relief in the county court based thereon.

There is an allegation in the complaint that Trzynka "stated to plaintiff that if he bought he would give her steady and permanent employment," but, as stated by the trial court, "The complaint shows, however, that the only attempted sale of the property was set aside and that Trzynka has not yet 'bought.' "

The pleaded facts show clearly that the property involved was property of the Ellyson estate, yet from some of the contentions of appellant it appears that she is claiming in this case, as she did in the prior case, either ownership of the property or the funds derived from the purported sale thereof. This confusion of thought is no doubt responsible for some of the allegations of the complaint, especially those with reference to the garnishment proceeding instituted by Trzynka, wherein he garnisheed the special administrator for the purpose of obtaining the money he had paid to Lilenquist. It is clear, we believe, that plaintiff's only interest is either as a creditor of this estate or under

the alleged olographic will. We further think it clear that the agreement to waive her rights as a creditor and under the alleged will was conditioned upon the sale to Lilenquist and when the sale was set aside appellant stood in the same position as a creditor and under the alleged will as she did before she signed the agreement. It is not alleged or claimed that the estate suffered any damage because of any of the acts complained of, however, it does appear that all of the property which belonged to the Ellyson estate is still the property of that estate and in the hands of the general administrator. We confess that the theory upon which plaintiff predicates her claim for damages is not clear from the complaint nor has it been clarified in the brief, however, we are satisfied that so far as concerns Trzynka the complaint fails entirely to state any actionable wrong.

The orders .appealed from are affirmed.

All the Judges concur.

KING, Circuit Judge, sitting for POLLEY, J.