WHITE, Respondent v. WHITE, Appellant

(81 N.W.2d 606)

(File No. 9591.   Opinion filed March 7, 1957)

Rehearing denied April 9, 1957

**Whiting, Lynn & Freiberg,** Rapid City, **Frank Mullin,** Rapid City, for Defendant and Appellant.

**Overpeck & Hamblin,** Belle Fourche, **Gunderson, Farrar & Carrell,** Rapid City, for Plaintiff and Respondent.

SMITH, P. J. Wayne A. White, a resident of Pennington County, died April 12, 1954, leaving property in that county

and elsewhere. By his will, in which no mention is made of the five children of the testator, he devised all of his property to his wife, Susan A. White. Thereafter such proceedings were had in accordance with our statutes in the County Court of Pennington County as resulted in an order admitting the will for probate, and ultimately in a final decree of distribution which assigned all of the property of the testator to Susan A. White. During the course of the described proceedings all hearings for which our statutes make provision were held pursuant to due and legal notice to the heirs of the testator. No appeal was taken from the final decree entered on October 18, 1954, and the time in which an appeal could have been taken elapsed. It is our understanding that no minors were involved in these proceedings.

Thereafter on May 28, 1955 Robert M. White of Scenic, South Dakota, a son of the testator, filed in the County Court of Pennington County, his petition, entitled "In the Matter of the Estate of Wayne A. White, Deceased", wherein he alleged that Wayne A. White had died leaving property in Pennington County and elsewhere; that he was survived by his widow and five children, and naming himself as a surviving son of the testator; and that since the decease of the testator the property of the testator has been in possession of Susan A. White. The petition concludes with the assertion that, by the provisions of SDC 56.02, petitioner is entitled to a share in the entire estate, and a prayer that the court "issue its order setting aside and distributing to petitioner two fifteenths of the estate of Wayne A. White."

The petition was denied by the county court. Robert M. White appealed from that decision on questions of law and fact and a trial de novo was had in the circuit court resulting in a decree that Robert M. White succeeded to and is entitled to a two-fifteenths portion of the real and personal property of the deceased. From that decree, Susan A. White has appealed to this court, and by her assignments asserts that in the undisputed circumstances we have stated, the court erred in decreeing that Robert M. White is entitled to a share in the property of the deceased.

From the allegations of the petition and from the

evidence adduced in support thereof it is made clear that this is not a proceeding by the pretermitted heir to be relieved from the described final decree of October 18, 1954 on the ground that it was taken against him through his mistake, inadvertence, surprise or excusable neglect under SDC 32.0909(13) and SDC 33.0108. Cf. In re Estate of Stroup, 40 S.D. 37, 166 N.W. 155, In re Paddock's Estate, 68 S.D. 179, 299 N.W. 865; and In re Ellyson's Estate, 71 S.D. 225, 23 N.W.2d 161. Neither is it a proceeding to set that decree aside because procured by extrinsic fraud. Paul v. Paul, 41 S.D. 383, 170 N.W. 658.

The son's petition is predicated upon a provision of SDC 56.0231 reading as follows, "When any testator omits to provide in his will for any of his children, * * * unless it appears that such omission was intentional, such child * * * must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding paragraph." Such preceding paragraph reads: "Whenever a testator has a child born after the making of his will, * * * and dies leaving such child unprovided for, by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate."

It is the son's contention that (1) the record supports the finding and conclusion of the trial court that as a pretermitted heir he succeeded to a two-fifteenths interest or share in his father's property, and (2) the county court was without power by its final decree of October 18, 1954 to assign and distribute that share or interest to the widow Susan A. White.

On the other hand the appealing widow asserts that the petitioning son is bound by the final decree of October 18, 1954, and even if it be assumed that the son did in fact succeed to a two-fifteenths interest or share in his father's property as a pretermitted heir the trial court erred in now decreeing that the son is entitled to such a share of the property.

It is our view that these opposing contentions are ruled by the settled law of this jurisdiction.

■ For the purposes of this opinion we accept the assumption of the son that his father did not intentionally fail to provide for him in his will. Under that assumption of fact, it follows that pursuant to SDC 56.0231, quoted supra, and our statutes governing succession, SDC 56.0102 and 56.0104, a share in his father's property passed to the son immediately upon the death of the father. Johnson v. Swenson, 57 S.D. 90, 230 N.W. 884. However, that share passed to the son subject to administration by the county court. SDC 56.0102. By the cited section of our statute it is provided that "The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate subject to the control of the county court for the purposes of administration, and to the possession of any administrator * * *."

■ The county court is by the constitution and statutes vested with original jurisdiction in all matters of probate and settlement of the estates of deceased persons. Section 20, Art. V, Constitution of South Dakota, and SDC 32.09. Through the institution of probate proceedings in the matter of the estate of Wayne A. White, the county court of Pennington County acquired jurisdiction, for the purposes of administration and settlement, of all of the property of the deceased, including that which passed to the heirs, as well as that which was effectively disposed by the will. That the legislature intended the court's jurisdiction to comprehend the whole estate is revealed by the provision governing distribution of such an estate contained in SDC 56.0231, supra, reading as follows: "When any share of the estate of a testator is assigned to a child born after the making of a will, or to a child or the issue of a child, omitted in a will as hereinbefore mentioned, the same must first be taken from the estate not disposed of by the will, if any; if that is not sufficient, so much as may be necessary must be taken from all the devisees or legatees, in proportion to the value they may respectively receive under the will, unless the obvious intention of the testator in relation to some specific devise or bequest or other provision in the will would thereby be defeated; in such case such specific devise, legacy or provision, may be exempted from such apportionment and a

different apportionment, consistent with the intention of the testator, may be adopted." Lowery v. Hawker, 22 N.D. 318, 133 N.W. 918, 37 L.R.A.,N.S., 1143; and cf. In re Sankey's Estate, 199 Cal. 391, 249 P. 517.

■ It having been made to appear as provided by law that the estate had been fully administered, the county court, after hearing, notice whereof was given to the son as the statute requires, entered the final decree of October 18, 1954. In connection with the notice of hearing above-mentioned the son received actual notice that the widow was petitioning for final distribution to her of all of the property of the deceased pursuant to the provisions of the testator's will. The statute SDC 35.1708 provides that such a decree shall "name the persons and proportions or parts to which each shall be entitled, * * *" and declares that the decree so entered is "conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal." That such a decree, entered in accordance with the requirements of due process, even though erroneous, is final and conclusive, and binding on the heirs, in the absence of an appeal, is settled by the course of our decisions. In re ReQua's Estate, 70 S.D. 470, 18 N.W.2d 791. We discern no sound reason for excepting this pretermitted heir from those who are thus bound under our statutes and decisions. To afford the heirs opportunity to advance their claims is the very purpose of giving them notice of hearing upon the petition for final distribution. The decree entered after hearing is conclusive and binding on them not only as to claims they made but also as to claims they could have made. In re Smith's Estate, 76 S.D. 11, 71 N.W.2d 577.

■■ The contention of the son that he is not bound by the final decree of October 18, 1954, is predicated upon his assertion that the county court was without power to distribute to the widow that which passed to him by succession immediately on the death of his father. In support of that position he cites Jacquish v. Deming, 40 S.D. 265, 167 N.W. 157, wherein it is said that title does not originate from a final decree of distribution. In so contending the son overlooks Thompson v. Lake Madison Chautauqua Ass'n, 41 S.D. 351, at page 354, 170 N.W. 578, wherein it is clearly

explained that although a judgment or decree does not in theory pass title, it does adjudicate title, and that a judgment or decree entered according to the due course of law, adjudicating the title which passed either by succession, or will or other transfer, and to whom it passed, even though erroneous, is conclusive, subject only to review on appeal. Cf. Behrens Lumber Co. v. Evangelical Lutheran Society, 66 S.D. 9, 278 N.W. 10; and Kirby v. Western Surety Co., 70 S.D. 483, 19 N.W.2d 12.

With its final, conclusive and binding decree before it, the county court was impelled to dismiss the petition of the son. The circuit court on appeal was in no different position, and erred in not affirming the county court. Cf. In re Sach's Estate, 68 S.D. 18, 297 N.W. 793.

That, under a similar statutory background, a final decree of the probate court is binding on a pretermitted heir, has been held in Gassin v. McJunkin, 173 Okl. 210, 48 P.2d 320; and Odenbreit v. Utheim, 131 Minn. 56, 154 N.W. 741. For decisions under different statutes see 123 A.L.R. at 1084.

The judgment of the trial court is reversed with directions that it enter judgment affirming the order of the county court.

All the Judges concur.