## SCHMIDTGALL, et al. v. WALSHTOWN TP. et al.

Since the trial court can correct ·its judgment after entry, it may, after entry of judgment, correct its purported findings so as to make them conform to the real findings .made.

Where, after a trial judge had signed purported findings on which judgment was entered, but which were not in fact the findings made, he became a member of the Supreme Court, the findings could be corrected by his successor.

On a motion to correct findings on the ground that the findings signed were not the findings made, any satisfactory evidence, oral or written, tending to show the mistake may be considered; the court not being bound to limit the inquiry to some record or minute entry.

On an application after judgment to correct the findings of fact to conform to those actually made, evidence **held** to show that a certain finding included in those signed by the judge, inconsistent with the others and with the judgment entered, was so included by mistake.

(Opinion filed, Feb. 15, 1911.)

Appeal from Circuit Court, Yankton County.   Hon. R. B. TRIPP, Judge.

Action by Jacob Schmidtgall and another against the Walshtown Township's trustees and others.   From an order denying plaintiff's motion to modify the court's findings of fact, plaintiffs appeal.   Reversed, with directions.

*French & Orvis,* for appellants.

Courts of record have power, at any time, as well after as during the term, at which any entry is made, of their own motion or on the suggestion of any party interested, and without notice to any one, to correct the mistakes and supply the omissions of their clerks or recording officers, so as to make the record conform to the truth of the case; and are the exclusive judges of the necessity and propriety of so amending and extending their records and of the proofs and of the sufficiency of the proofs on which to proceed.   Balch v. Shaw, 7 Cuth. 284; Lewis v. Ross, 37 Me. 230; Matheson's Admrs. v. Grant's Admrs., 2 How. (U. S.) 263; Aetna Ins. Co. v. Boon, 95 U. S. 117; Welch v. Keene, 21 Pac. 25; Hollister v. Judges, 8 Ohio St. 201; Fay v. Wenzell, 8 Cush. 315; Martin v. Minnekahta State Bank, 7 S. D. 263; State Sash &

Door Mfg. Co. v. Adams, 50 N. W. 360; Bilansky v. State, 3 Minn. 427; Jenkins v. Long, 23 Ind. 460.

*C. H. Dillon,* for respondent.

The succeeding judge ought not to review, modify or reverse the decrees of his predecessor, except in the granting of a motion for a new trial. 23 Cyc. 566: Weight of authority is, that as a general rule, a succeeding judge cannot review, modify or reverse the orders of his predecessor. If such authority is assumed it should be exercised with great care. Some extraordinary circumstance should render it necessary to prevent a miscarriage of justice. Matter of petition of Livingston, 34 N. Y. 555. Harrigan v. Gilchrist, 99 N. W. 1005; Health v. New York B. L. B. Co., 146 N. Y. 260. What may have been the judge's intention, unless timely expressed by him in writing in the records of the court, or what may be his knowledge or recollection even where presented by his own affidavit, respecting the claimed error to be corrected, is immaterial, and wholly insufficient as a basis to amend a judgment after the term. Morrison v. Dapman, 3 Cal. 255; Smith v. Brauman, 13 id. 107; Raymond v. Smith; Culver v. Cougle, 165 Ill. 417; Frew v. Danforth, 126 id. 242; In re Annie Barnes, 27 Ill. App. 151; Horner v. Horner, 37 id. 199; Giddings v. Giddings, 70 Ia. 486, 30 N. W. 869; Saxon v. Smith, 50 Mo. 490; State v. Moran, 24 Neb. 103; Solomon v. Fuller, 14 Nev. 63; Mo. Pac. Ry. Co. v. Haynes, 82 Tex. 448; Barnes v. Com., 23 S. E. 784.

WHITING, J. This action was brought by taxpayers to restrain the township officers of defendant township from paying the balance claimed to be due to defendant Bruce under a contract made by Bruce, with said township, for surveying of such township and setting corner posts within the boundaries of such township. Certain questions were submitted to a jury, and thereafter the trial court, Hon. E. G. Smith presiding, made and entered its purported findings of fact and conclusions of law in favor of the plaintiff, and, in accordance with such conclusions, rendered a decree therein, said findings, conclusions and decree being of date April 2, 1909. Judge Smith having been appointed as a member

of this bench qualified as such upon April 3, 1909, and thereafter, to-wit, on August 31, 1909, a notice of motion was served upon defendants' attorney, asking "for an order modifying the findings of fact heretofore made by the court in said action, and filed in the office of the clerk of said court on the 2d day of April, by striking out so much of finding of fact No. 33 of said findings as reads as follows:   *   *   *   Said motion will be based on the affidavits hereto attached, and all the pleadings, findings of fact, conclusions of law and judgment in this case." There does not appear to have been any written motion. From the said notice it would appear that it was sought to have the trial court change its findings, but attached to said notice are the affidavits of one of plaintiffs' counsel and of Judge Smith, from which affidavits it clearly appears that plaintiffs were seeking to have the purported findings corrected to conform with the findings that it was claimed were actually made by the trial court. Upon the hearing of such motion the defendants objected to the consideration of any affidavits, the grounds of objection being that the part sought to be stricken was clearly sustained by the evidence, and was made a part of the findings; that such findings affect a substantial right and therefore cannot be stricken out; that the court who made such findings has retired from the office of circuit judge; that such finding is the only judicial determination on the facts therein contained; that if such finding is stricken out it will reverse and affect the determination made by the court; that the proposed amendment is not founded upon any record or minutes of the court; that parol evidence is not admissible to vary or modify the record; that such affidavits would constitute hearsay evidence not founded upon any memorandum, minute, or record of the court or upon any mistake of the clerk. Thereafter the circuit court, acting through the successor of Judge Smith, made an order, the material part of which reads as follows: "And the court being of opinion that it has no authority to now substantially disturb or modify said findings in any way whatever, except upon a motion for a new trial, and that it has no legal right or power to grant the relief asked upon affidavits, wholly declined to consider said affidavits and the

motion is therefore overruled, to which the plaintiffs excepted and their exception is hereby settled and allowed." The plaintiffs have appealed from said order and they assign as error the overruling of the motion to amend said findings, the holding that the court had no legal right to grant the prayer or relief asked upon affidavits, and the refusing to consider the affidavits.

The respondents urge that the order appealed from is not an appealable order, and have cited numerous authorities to support this contention. If the motion presented to the trial court had asked it to change the findings as actually found by the trial judge, there could be no question but such motion would have been absolutely improper if made after judgment; and, if made prior to judgment, the order overruling it would not have been appealable, the error, if any, could only be reached through a motion for new trial or an appeal from the judgment. While the notice of motion is not so worded as to show clearly that the motion was to correct the purported findings so that they might conform with the true findings as made by the trial judge, yet we feel that the judge of the circuit court, upon a presentation of such motion, had the right to and should construe such notice of motion in connection with the affidavits attached thereto and served therewith, and that so construing the same, the circuit court should, and this court must, treat the motion as one asking that the said purported findings be corrected to conform to the truth.

There are therefore for our determination the following questions: Has the trial court, after entry of judgment, any power to correct the purported findings so as to make them conform to the real findings as made by the court? If such correction can be made after judgment, can it so be made by the court acting through the successor of the person who as court made the findings? Can any evidence other than records of the court, minutes, or memoranda be used to establish the fact that the purported findings are not the real findings of the court? In the case at bar, does it clearly appear that the purported findings should be changed as asked, in order for the same to become the true findings as made by the trial court? These questions must be all

answered in the affirmative in order that the appeal herein be sustained and the order of the circuit court reversed.

Inasmuch as, by the great weight of authority, a trial court has the power even to correct its judgment when erroneous, and to make such correction years after the entry thereof (Naber's, etc., v. Meredith, 67 Ala. 333; Miller v. Royce, 60 Ind. 189; Smith v. Mullins, 3 Metc. [Ky.] 182; Breene v. Booth, 6 Colo. App. 140, 40 Pac. 193; Walton v. Pearson, 85 N. C. 34; 30 Cent. Dig. § 619, Judgment), there can be question of the inherent power resting in a court to correct that upon which the judgment rests, especially when to do so tends to support the judgment as rendered.    Territory v. Christensen, 4 Dak. 410, 31 N. W. 847.

Ordinarily a correction should be made by the judge who tried the case, but it must be borne in mind that, while judges may change, the court remains the same, and while, to justify the court, acting through the successor of the trial judge, in correcting an error, very clear proof of the error must be made, yet certainly in a clear case such power exists.    Crim v. Kessing, 89 Cal. 478, 26 Pac. 1074, 23 Am. St. Rep. 494; Oakley v. Cokalete, 6 App. Div. 229, 39 N. Y. Supp. 1001.    In the California case the correction was made by the court acting through the successor in office of the trial judge.    In the New York case the trial judge was still on the bench, and it was held that another judge could not act in the matter, but the court said: "It would be different if the trial judge were no longer capable of acting in the case, for then the application would necessarily have to be made before some one else." We are satisfied that the court to whom the motion was addressed had full power to correct the finding if the showing of error was sufficient.

It would be impossible to harmonize the authorities upon the question of whether or not the records of a court can be corrected upon other evidence than some record, minute or memorandum of the court, and no useful purpose would be subserved in reviewing at length the conflicting authorities.    We believe those authorities best supported by reason which hold that any satisfactory evidence oral or written may be considered.    A list of authorities on each

side of this question is to be found in 23 Cyc. 879-881. We therefore believe that the circuit court should have considered the affidavits offered in support of the motion.

Was the proof before the circuit court such that it should have corrected the findings as requested? Eliminating the part sought to be stricken leaves the findings, conclusions and judgment entirely consistent. The trial court specifically found facts which, if true, showed, as stated in the conclusions, that the defendant Bruce had not fulfilled his contract, and therefore was not entitled to the balance which would otherwise be due thereon; and in accordance with such findings and conclusions the court perpetually enjoined the collection or payment of the balance unpaid. The part sought to be stricken, though found as a part of one finding, is in the nature of two conclusions of law, being as follows: "That the defendant, William L. Bruce, has in all things complied with his contract; and there is now due him on said contract the final payment of $300." That there was an error appears upon the very face of the findings, conclusions, and judgment, and when one takes the specific findings in connection with the formal conclusions and judgment, it certainly is nearly or quite sufficient to justify the correction sought without considering the affidavits offered. From these affidavits it appears that the case was tried some time prior to date findings were made; that on April 2, 1909, Judge Smith was about to qualify as a member of this bench and, both parties having prepared proposed findings, he indicated to the plaintiffs what his decision on the facts was and by such decision he allowed some of the facts as proposed by each side; that, through some error, the finding containing the above inconsistent conclusions was inserted in drafting the findings for signature; that such findings were signed without knowledge that such purported finding was a part thereof; and that in fact the court never made such purported finding.

The above appears beyond all question by the proof offered, and the court should have corrected the findings as requested.

The order of the trial court is reversed, with directions to correct such findings as requested by plaintiffs.

SMITH, P. J., taking no part in this decision.