In re LOEVINGER'S ESTATE.

(167 N. W. 726.)

(File No. 4284.   Opinion filed May 18, 1918.)

1. **Executors and Administrators—Will, Life Estate in Trust Under, Distribution Directly to Legatee—Amendment of Decree Nunc Pro Tunc, Right to Order—Lapse of Time, Effect—Statutes.**

   Where, under a will bequeathing in trust to testator's son moneys, to be invested, etc., with remainder, if any, at the son's death, to his heirs, the final decree of distribution, entered in 1907, omitted reference to trustee and awarded the money absolutely to the son, but executor turned it over to trustee who handled it according to the will, held, that the county court as one of record, has inherent power to conform their judgments to the real judgment intended; and lapse of time, where other rights do not intervene, does not deprive of such power; nor does this rule militate against Prob. Code, Sec. 308, making judgments conclusive as to rights of legatees; such section applying only to the real judgment of court and not necessarily to the paper expression of it. So held, against contention that Prob. Code, Subd. 10 of Sec. 25, as amended by Laws 1909 Ch. 63, is inapplicable to judgments entered prior to its taking effect.

2. **Appeals—Error—Unchallenged Finding, Sufficiency of Evidence to Sustain—Finding as Verity.**

   Sufficiency of evidence to sustain a finding below, being unchallenged on appeal, Supreme Court will regard the finding as verity.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Proceedings in the Matter of Leonhard Loevinger, deceased, on petition of Moritz Loevinger for an order of county court to correct a final decree of distribution, and to recover a bequest. From a judgment of the circuit court affirming an amended final decree of the county court, correcting nunc pro tunc said final decree, Moritz Loevinger appeals.    Affirmed.

*William R. Danforth,* and *W. H. Seacat,* for Appellant.

*Lauritz Miller,* for Respondent.

(1) To point one of the opinion, Appellant cited: 63 Cal. 454, 25 Pac. 22; 54 Cal. 302; 40 Pac. 810; Prob. Code, Secs. 307-8.

Respondent cited: Territory v. Christensen, 4 Dak. 410; 31 N. W. 847; C. L., Section 47, pp. 1019-1020.

GATES, J.    Appeal by Moritz Loevinger from a judgment of the circuit court within and for Davison county affirming an amended final decree of the county court of said county entered July 25, 1916, correcting nunc pro tunc a final decree of distribution entered September 16, 1907.

By his last will one Leonhard Loevinger disposed of a portion of his estate as follows:

"I give and bequeath to the Mitchell Loan, Trust & Savings Company of Mitchell, South Dakota, in trust for my son, Moritz Loevinger, the sum of two thousand dollars ($2,000.00); said sum to be invested by said company in first mortgages upon farm lands at the best rate of interest, consistent with safety. That said Mitchell Loan, Trust & Savings Company shall pay to my said son Moritz such proportion of the income or principal as my executor under this will hereinafter named shall determine and direct as necessary for the proper support of my said son Moritz, whenevr he cannot, for any cause, properly support himself by his own labor. That upon the death of my said son Moritz I hereby bequeath to his heirs all the unexpended portion of said sum of two thousand dollars ($2,000.00) and accumulated income thereof, then held by the said Mitchell Loan, Trust & Savings Company."

The final decree entered in the matter of the estate of said testator entirely omitted any reference to the trustee and awarded said sum of money absolutely to said Moritz Loevinger; but the exe-

cutor turned said money over to the trustee, and said trustee has ever since possessed and handled the money and accumulations in accordance with the provisions of the will. On May 9, 1916, Moritz Loevinger began an action against the trustee and the executor and his bondsmen to recover said bequest. On July 1, 1916, the executor petitioned the county court for an order correcting the final decree entered in 1907. After notice to all parties, a hearing thereon was had, and the court entered an amended decree nunc pro tunc as of September 16, 1907, distributing the money in accordance with the terms of the will. One of the findings of fact upon which the amended decree was based recited that the original decree was entered by mistake and inadvertence of the county court and the executor, and that it was intended in truth and in fact to decree the money in accordance with the provisions of the will.

It is contended by appellant that subdivision 10 of section 25, Prob. Code, as amended by chapter 63, Laws 1909, is not applicable to judgments entered prior to its taking effect; that, after the time for appeal therefrom elapsed, the original decree became conclusive as to the rights of appellant because of the provisions of section 308, Prob. Code; and that the county court was without jurisdiction to entertain the application to amend.

[1] All courts of record have inherent power to make their judgments correspond with the real judgment intended, and lapse of time, where other rights do not intervene, does not take away such power. Territory v. Christensen, 4 Dak. 410, 31 N. W. 847; Schmidtgall v. Walshtown Tp., 27 S. D. 103, 129 N. W. 1042; Windedahl v. Harris, 37 S. D. 7, 156 N. W. 489; Freeman on Judgments, § 71; Black on Judgments, § 161; 23 Cyc. 866, 7 R. C. L. 1019, 15 R. C. L. 681. This rule in no way militates against the provisions of section 308, Prob. Code, because that section refers to the real judgment of the court and not necessarily to the paper expression of it.

[2] The sufficiency of the evidence to sustain the finding of the trial court to the effect that the decree as amended did conform to the real intention of the court at the time the judgment was entered not being challenged upon appeal, we must take that finding as a verity.

The judgment appealed from is affirmed.