[S. F. No. 9644. In Bank.—June 18, 1921.]

In the Matter of the Estate of JOSEPHINE A. PHELPS, Deceased. W. F. CHIPMAN, Appellant, v. VIRGINIA A. LORD, Respondent.

[1] ESTATES OF DECEASED PERSONS — COMMISSIONS OF EXECUTOR — LIMITATION OF AMOUNT—CONSTRUCTION OF CODE.—In view of section 1618 of the Code of Civil Procedure, the commission of an executor fixed by the section, aside from any extra allowance that may be proper for extraordinary services, is intended to be full compensation for all services rendered during the entire administration from the beginning thereof down to the time of the final settlement and distribution of the estate.

APPEAL from an order of the Superior Court of San Mateo County refusing to allow an executor further commissions. Geo. H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. C. Sharpsteen for Appellant.

Ross & Ross for Respondent.

SHAW, J.—This is an appeal by W. F. Chipman, one of the executors of the estate of Josephine A. Phelps, deceased, from an order of the superior court refusing to allow him further compensation as executor of the estate upon the settlement of his third supplemental final account thereof.

The final account and petition for distribution of the estate was filed on June 12, 1919. An order of distribution was made thereon, from which an appeal was taken, and thereupon the order was reversed and the court below was ordered to make a different distribution thereof. On July 22, 1920, a second supplemental account was filed showing the receipts and expenses of the executors during the interval between that date and the original decree of distribution. The petition for distribution and this account came up for hearing on August 5, 1920. Thereupon a third supplemental account was filed covering the interval between the filing of the second supplemental account and the time of hearing. In the second supplemental account the said

executor asked that his compensation for his services as executor be fixed and directed to be paid.

The total value of the estate accounted for was $539,388.82, upon which the executors were allowed the regular statutory commissions as fixed by section 1618 of the Code of Civil Procedure, amounting to $4,071.94. An error of forty-five dollars here appears in favor of the executors. Upon the final hearing in August, 1920, Chipman asked for an additional allowance as executor for services subsequent to the filing of the final account in June, 1919. He did not file any claim showing any extraordinary services, but claims compensation on the theory that the estate was closed at the time he filed the final account in June, 1919, and that for his services as executor subsequent thereto he is entitled to compensation in addition to that fixed by the code. It appears from the record that the services rendered subsequent to the account of June, 1919, consisted of the performance of the ordinary duties of an executor, such as the leasing of the property, collection of rents due on the property and of interest due on claims owing to the estate, and the paying out of such moneys as were necessary for the completion of the administration.

Section 1618 aforesaid provides that the executor of an estate must be allowed certain commissions "upon the amount of estate accounted for by him," according to certain graded percentages upon the amount as therein fixed; that if there are two or more of them the "compensation shall be apportioned among them by the court according to the services actually rendered by them respectively"; that for any extraordinary services the court shall make a "just and reasonable" allowance, not exceeding one-half the regular commissions as fixed by the section, and that all contracts with an heir, devisee, or legatee for a higher compensation than that allowed by the section shall be void. [1] It is plain from these provisions that, aside from any extra allowance that may be proper for extraordinary services, the commission fixed by the section is intended to be full compensation to the executors for all services rendered by them during the entire administration of the estate from the beginning thereof down to the time of the final settlement of the estate and the distribution thereof to the persons entitled thereto. The administration did not close at the time of

the rendition and settlement of the account of 1919. The appeal then taken extended the administration, and when that order was reversed the full administration could not be complete until the final order of distribution was made and all accounts of the executors adjusted and settled. The fees already received by the executors according to the statutory schedule were, therefore, full compensation for all the services which had been rendered from the beginning of the administration until the final settlement of the third supplemental account in August, 1920. The court below properly refused to allow further commissions.

The order is affirmed.

Olney, J., Wilbur, J., Sloane, J., Lennon, J., Angellotti, C. J., and Lawlor, J., concurred.