BROWN, Appellant, v. BROWN, Respondent.

(206 N. W. 688.)

(File No. 6084.   Opinion filed December 30, 1925.)

1. **Appeal and Error—New Trial—Appeals from Order Denying New Trial and from Judgment Are Distinct.**

   Appeal from order denying motion for new trial, and appeal from judgment in same cause, are entirely separable and independent matters as regards computation of time for taking appeal.

2. **Appeal and Error—Judgments—Modified Judgment Not Nunc Pro Tunc Judgment in Computing Time for Appeal.**

   Where judgment was modified on application made during same term after argument on merits, judgment in modified form was not a nunc pro tunc judgment, even though so denominated, and did not relate back to judgment modified, but was judgment of court in cause, as of filing date, and hence appeal taken within requisite time from modified judgment was in time, though not taken within requisite time as computed from original judgment.

3. **Judgment—Courts—Modification Permissible, if Application Made at Same Term of Court.**

   Where application to modify form of judgment was presented before end of term at which it was rendered, trial court had jurisdiction to change wording of judgment and make it conform to real intent of court.

4. **New Trial—Notice of Intention—Notice of Intention to Move for New Trial Held Sufficient, Notwithstanding Subsequent Modification of Judgment.**

   Where, pursuant to Rev. Code 1919, Secs. 2554, 2557, notice of intention to move for new trial was served on adverse party within 20 days of court's decision, such notice was sufficient to authorize court to entertain motion, notwithstanding judgment had subsequently been modified; "decision" in case being distinguished from "judgment" by express provisions of Sections 2525, 2526, and 2560.

Appeal from Circuit Court, Lincoln County; HON. HERBERT B. RUDOLPH, Judge.

Action by Jennie A. Brown against Walter W. Brown. Judgment for defendant, and plaintiff appeals. On motion to dismiss appeal. Motion denied.

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Bielski, Elliott & Marker,* of Sioux Falls, for Respondent.

(3)  To point three of the opinion, Plaintiff cited:  Mc-Gregor v. Pierce, 17 S. D. 51, 95 N. W. 281; LeClaire v. Wells, 7 S. D. 426, 64 N. W. 519; Carlberg v. Fields, 31 S. D. 209, 140 N. W. 267; Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 143; Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874; Hepner v. Wheatley, 34 S. D. 338, 148 N. W. 594; Carlberg v. Fields, 33 S. D. 410, 146 N. W. 560; King v. Hanson, 13 N. D. 85, 99 N. W. 1085.

Defendant cited:  Grover v. Hawthorne (Ore.), 121 Pac. 807; Nisklin v. Robertson (Ore.), 42 Pac. 994; Creed v. Marshall (N. Car.), 76 S. E. 271; Cleveland Leader Printing Company v. Green (Ohio), 40 N. E. 203; Barthrop v. Tucker (Wash.), 70 Pac. 121; Phelps v. Wolff (Neb.), 103 N. W. 1064; Jett v. Farmers Bank of Kentucky (Ky.), 76 S. W. 386; Wilmerding v. Corbin Banking Company (Ala.), 28 So. 641; Graham Paper Company v. Wohlwend (Ia.), 89 N. W. 1068; Cowdery v. London & San Francisco Bank (Cal.), 73 Pac. 198; McGregor v. Pierce, 17 S. D. 53; Traxinger v. Railway Company, 23 S. D. 92; Wolf v. Sneve, 23 S. D. 261; Richelson v. Mariette, 34 S. D. 576; Regan v. Whittaker, 14 S. D. 376.

CAMPBELL, J.  This matter comes up at this time on respondent's motion brought on by order to show cause for dismissal of the appeal sought to be taken herein.

The material facts are as follows:

The action was tried in the court below and findings of fact, conclusions of law, and judgment filed therein on August 26, 1924.  Thereafter, and on September 15, 1924, appellant duly served on respondent, in the form provided by statute, notice of her intention to move for a new trial in said cause.

Meantime, subsequent to the filing and entry of findings, conclusions, and judgment, but prior to serving her notice of intention, appellant brought respondent again before the trial court upon order to show cause "why an order should not be made amending, changing, and modifying the findings of fact and conclusions of law and judgment so that said findings of fact and conclusions of law and judgment may conform to the findings of this court and to either the undisputed or preponderance of the evidence and the law applicable to said evidence."  This application was brought on for hearing before the court on September 8,

1924, the return day, and, after argument thereon, the matter was taken under advisement by the court, and nothing further appears to have been done except service of notice of intention above referred to until December 8, 1924, when the court signed, and there was attested and filed, a document entitled "Judgment nunc pro tunc." This document recited that it was thereby "ordered, adjudged, and decreed that the judgment made and entered by the court upon the trial of said cause as herein above referred to is hereby amended and modified so as to read as follows, to wit." Then follows an entirely new judgment in the cause, from which are omitted certain conditional or interlocutory features which were contained in the judgment of August 26th, and the concluding portion of which new or modified judgment is as follows:

"That the judgment heretofore made and entered herein as herein above referred to, in so far as same contains recitals other and different than those contained herein, hereby is annulled, and that the within judgment is founded upon the findings of fact and conclusions of law heretofore made and filed in said cause."

Notice of the filing and docketing of the judgment of December 8th was served by the respondent upon the appellant on December 15, 1924.

Appellant served no new notice of intention to move for new trial after the filing and entry of the judgment of December 8, 1924, and has never served but the one notice of intention, being that of September 15, 1924.

August 3, 1925, appellant moved the court for an extension of time for serving specifications of error and transcript whereupon respondent appeared specially and objected to the jurisdiction of the court upon the ground that no notice of intention to move for new trial had been served subsequent to the entry of judgment of December 8, 1924. This objection of respondent was overruled, and the time extended and the motion for new trial was brought on for hearing on August 10, 1925, at which time respondent preserved his objection to the jurisdiction of the court upon the same grounds by special appearance raising the same question, which objection was again overruled and an order entered denying appellant's motion for a new trial.

Within 60 days thereafter, and on October 8, 1925, appellant sought to perfect his appeal by serving and filing notice thereof,

together with proper undertaking, giving notice of an appeal to the Supreme Court from the judgment dated December 8, 1924, and also from the order denying the motion for new trial made August 10, 1925.

Respondent on this motion now contends that the first judgment of August 26, 1924, is the only valid judgment, and that the court had no jurisdiction to render the judgment of December 8, 1924, and that meantime one year has elapsed since the valid judgment of August 26, 1924, and no notice of appeal therefrom has been served, and hence the judgment of August 26, 1924, has become res judicata, and there is no appeal from any judgment. Having thus maintained that no appeal from any judgment is before us because the judgment of December 8, 1924, is invalid, leaving as the only valid judgment that of August 26, 1924, respondent unobtrusively shifts to the somewhat inconsistent view that no appeal from an order denying new trial is before us, because the judgment of December 8, 1924, is in fact the final judgment of the court, and, no notice of intention to move for new trial having been served within 20 days from notice of the filing thereof, the court below had no jurisdiction to entertain the motion for new trial or to make the order denying new trial, and hence there is no valid order from which to appeal.

[1-3] The appeal from an order denying a motion for new trial and the appeal from a judgment in the same cause are entirely separable and independent matters. Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 143.

We will consider first the matter of the appeal from the judgment. The judgment of December 8, 1924, was entered pursuant to the application of appellant to change and modify the judgment of August 26, 1924. It is true that the judgment of December 8, 1924, is not in fact, as it is denominated, a "nunc pro tunc" judgment, but it was not applied for on that basis. Respondent appeared pursuant to the show cause order on this question of change and modification of judgment, and argued the matter on the merits, and, so far as the record shows, raised no question of jurisdiction of the court to make a change or modification. The instrument itself, that is, the judgment of December 8, 1924, was drawn by respondent. It is respondent who christened the instrument, however ill-advisedly, "judgment nunc pro

tunc." The application to modify and change the form of the judgment was made and presented before the end of the term at which the same was rendered, and the trial court at that time had jurisdiction to change the wording of the judgment to make it conform to the real intent of the court. In re Lovinger's Estate, 40 S. D. 450, 167 N. W. 726. The judgment not being in fact a judgment "nunc pro tunc," and not purporting to be a judgment "nunc pro tunc" beyond the fact that respondent saw fit so to call it, does not relate back to the judgment which it modifies, but is the judgment of the court in the cause as of the filing date, and, appellant within 1 year thereafter having served notice of appeal therefrom together with undertaking, and having taken all steps necessary to perfect the same, there is now pending in this court an effective appeal therefrom.

We turn now to the appeal sought to be taken from the order denying the motion for new trial.

[4] It is true that proper notice of intention must be given before the court below could entertain the motion for new trial. The motion for new trial, however, is based not upon the judgment, but upon the decision of the court. Section 2554, Code 1919, provides:

"Sec. 2554. *New Trial Defined*. A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee."

And section 2557, Code 1919, provides in part:

"Sec. 2557. *Notice of Intention—Contents*. The party intending to move for a new trial must, within twenty days after the verdict of the jury if the action were tried by a jury, or after notice of the decision of the court if the action were tried without a jury, serve upon the adverse party a notice of intention, designating the statutory grounds upon which the motion will be made. * * *"

The distinction between the decision of the court and a judgment is made entirely plain by sections 2525, 2526, and 2560 of the Code of 1919, which read as follows:

"Sec. 2525. *Trial by Court—Decision*. Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision, and upon the trial of a question of law the

decision must be given by the court at the time the question is submitted for decision, or within fifteen days thereafter, and no judgment shall be rendered or entered until after the filing of such decision."

"Sec. 2526. *Facts and Conclusions Separately Stated.* In giving the decision, the facts found and the conclusions must be separately stated. Judgment upon the decision must be entered accordingly."

"Sec. 2560. *Judgment, What Constitutes.* The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision. It becomes a complete and effective judgment when reduced to writing, signed by the court, attested by the clerk and filed in his office."

In the instant case the decision of the court consisted of the findings of fact and conclusions of law filed and entered August 26, 1924. Within 20 days after that decision appellant served his notice of intention. That decision was never changed or modified, though the judgment thereon entered was subsequently modified. Indeed, the modified judgment itself expressly states that it is based upon the decision previously made as indicated by the quotation from said modified judgment hereinbefore made. Appellant having served his notice of intention to move for new trial within 20 days after the decision of the court, such notice of intention was sufficient to authorize the court to entertain the motion for new trial when made; the time therefor having been kept alive by proper orders. Therefore, the trial court having had jurisdiction to enter its order denying the motion for new trial, the defendant having served his notice of appeal from said order, together with proper undertaking, and having within 60 days taken all other steps necessary to perfect said appeal, his appeal is properly pending in this court.

We are therefore constrained to hold that the appeal is properly before this court both as to the appeal from the judgment of December 8, 1924, and the appeal from the order of August 10, 1925, denying motion for new trial. Respondent's motion to dismiss the appeal must in all things be denied, and it will be so ordered, and appellant will be granted 30 days after the filing of such order in which to serve and file his brief on appeal.

DILLON, J., absent, and not sitting.

Note.—Reported in 206 N. W. 688. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 345(1), 3 C. J. Sec. 1050; (2) Appeal and Error, Key-No. 346(2), 3 C. J. Sec. 1047; (3) Judgment, Key-No. 298, 34 C. J. Secs. 436, 458; (4) New Trial, Key-No. 138, 29 Cyc. 940 (Anno.).