SHERMAN, Appellant, v. GROENEWALD, et al, Respondents.

(220 N. W. 866.)

(File No. 5873.   Opinion filed July 28, 1928.)

N. B. Bartlett, of Sioux Falls, for Appellant.

Kirby, Kirby & Kirby, of Sioux Falls, and A. B. Carlson, of Canton, for Respondents.

MISER, C. Plaintiff, appellant herein, brought this action to foreclose a second mortgage on a half section of land in Lincoln county. He alleged that default had been made in the payment of taxes and interest on his mortgage; that he had been obliged to pay the interest on a prior mortgage to prevent foreclosure thereof; that, after the execution and delivery of plaintiff's second mortgage, a ditch tax of $16,000 had been levied against the premises mortgaged, which tax and the lien thereof was unpaid. The defendants Groenewald were the original mortgagors and makers of the note secured thereby. Respondents Wardwell, Evenson, Kundert, and Harrisburg Loan Company were successive grantees of the premises, each of whom, as part of the consideration thereof, had assumed and agreed to pay plaintiff's mortgage and interest. In the decision, it was found, and in the language of the judgment it was recited, that:

"There is now due to the plaintiff from the defendants Henry H. Groenewald and Frances Groenewald, upon the mortgage, $15,800 principal, $2,012.28 interest, by reason of payment of interest on prior mortgage, $761.18, and $54.61 interest. * * * That there is due the plaintiff by reason of payment of special tax assessment, $5,438.58 and $369.77 interest, * * * together with the sum of $300 attorney's fees, * * * making a total due to the plaintiff from the defendants herein, under plaintiff's said mortgage, of the sum of $24,736.42, together with costs, * * * making a total amount due from the said defendants to this plaintiff under the terms of said mortgage, and costs so taxed, of the sum of $24,796.32; * * * that the mortgaged premises be sold; * * * that, out of the proceeds of the sale, after deducting the amount of his

fees, disbursements and commissions, the sheriff pay to the plaintiff the amount so found to be due, * * * and, if the proceeds of such sale be insufficient, * * * that he indorse the net amount of money to be applied upon said mortgage indebtedness upon Exhibit A, being plaintiff's note herein, as having been paid thereon by reason of this foreclosure proceeding."

It will be observed that there was no direction in the written decision and decree, although appellant now claims the court orally directed that plaintiff was to be reimbursed for the special tax assessment paid before any money paid on the mortgage debt. Said decree was duly entered on August 4, 1923. The object of the present proceeding is to obtain such an amendment of the decision and decree. The property was purchased by plaintiff on foreclosure sale for $15,000 on September 18, 1923, the sale thereafter confirmed, and sheriff's deed issued to appellant, who later sold the premises. Thereafter, on December 12, 1924, on appellant's motion, order was issued requiring the defendants to show cause why the conclusions of law and the decree of foreclosure should not be amended so as to include therein a direction to the sheriff, out of the proceeds of the sale, to first pay the amount of his fees, disbursements, and commissions, then the plaintiff's attorney fee, then to plaintiff the amount paid by him on special ditch assessment and interest, then the interest paid on the first mortgage, and that the sheriff then indorse a payment of the net balance upon plaintiff's note. On the day set for the hearing, the trial court made its order reciting that:

"After considering all the matters presented, * * * it is ordered that said motion of the said plaintiff be and the same is hereby denied."

And, thereafter, a certificate of the judge was filed designating that such order was based upon the affidavits of counsel for plaintiff and defendants and the pleadings, decree, findings, and records of said court.

In view of the brevity of respondents' showing, their counsel's affidavit that, since sheriff's deed had issued to appellant, he had conveyed the premises to a third person, it may be assumed that the trial court did, at the trial, make the oral statement claimed by appellant. This assumption, however, would be in the face of the fact that, in the complaint, it was not alleged that the grantees of

the original mortgagors, respondents herein, ever assumed and agreed to pay said special tax assessment. Nor was any disbursement by plaintiff by reason of special ditch assessments alleged. It was alleged that these respondents "assumed and agreed to pay the mortgage of this plaintiff, $15,800 and interest thereon." For this reason, respondents state in their brief that it would have been error for the trial court to have rendered the judgment which appellant now seeks to obtain by amendment of a decree which has been duly signed, attested, and entered. Respondents contend that the order of the trial court denying appellant's motion to amend the decision and decree should be affirmed because the decree of foreclosure, under section 2560, Rev. Code, became a complete and effective judgment when reduced to writing, signed by the court, attested by the clerk and filed in his office, and that judgment so rendered and entered was based upon a decision in writing which had been filed in accordance with section 2525 of the Revised Code. Appellant contends, under the authority of Schmidtgall et al v. Walshtown Township et al, 27 S. D. 103, 129 N. W. 1042, that a trial court has the power to correct purported findings as well as to correct its judgment after entry. But the Schmidtgall Case presented a very different situation than the one here presented. In the Schmidtgall Case, the findings were inconsistent with each other; and it was held that the successor of the trial judge might correct such inconsistencies upon any satisfactory evidence, including affidavits. In the instant case, the findings were consistent with each other, and, irrespective of any oral observations by the trial judge at the time of trial, the decision signed by him and filed in accordance with section 2525, and the decree signed, attested and filed in accordance with section 2560, were the decision and decree which the trial court at the time of their rendition intended to render. So far as may be determined from the record, the decision and the decree as prepared in writing by appellant and signed by the trial court were still satisfactory to the trial court at the time the motion was made to amend them. This court has said in Re Loevinger's Estate, 40 S. D. 450, 167 N. W. 726:

"All courts of record have inherent power to make their judgments correspond with the real judgment intended, and lapse of time, where other rights do not intervene, does not take away such power."

Here, however, appellant seeks, by amendment of a judgment of foreclosure, upon which execution has issued and the mortgaged property (respondents' property) been sold to make respondents liable for approximately $6,000 of special tax assessment, for the payment of which appellant, in his complaint, did not claim they were liable. So far as appears, the judgment rendered was the judgment intended. Certainly "other rights" have intervened to prevent such an amendment as was sought by appellant.

The order of the trial court denying appellant's motion is therefore affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.