## WISE, Adm'r, v. CUTCHALL et al.

No. 23007. Jan. 29, 1935.

Rehearing Denied March 5, 1935.

G. O. Grant and Thrift & Davenport, for plaintiff in error.

E. M. Connor, for defendants in error.

PER CURIAM. This is an appeal by William A. Wise from the final order of the district court of Tulsa county on appeal from the county court, fixing his expenses and compensation as administrator of the estate of Isaiah Richard Cutchall, deceased.

William A. Wise was appointed as such administrator in June, 1925, and on January 14, 1929, filed his final report as such, which, after approval by the county court, was appealed to the district court, result-

ing in the approval thereof with the exception of the disallowance of $425.50 of the expenses claimed.

Thereafter, the administrator continued to act as such until September 10, 1930, at which time he filed a supplemental report covering the intervening period, together with applications for final allowance of attorney fees, compensation, and expenses. To this report and application, Laverne B. Cutchall, a minor, by guardian, being one of three heirs entitled to inherit the estate, filed specific and general exceptions, which were denied, the report approved and the attorney fees, compensation, and expenses fixed. By reason of prior distribution of the estate to the heirs, these orders established a deficit of $2,003.49 due to the administrator. The objecting heir appealed from the judgment to the district court; the remaining heirs filed an election to abide the judgment of the county court, and paid to the administrator their proportionate share of the deficit as established.

The appeal on the supplemental report came on for hearing on May 5, 1931, resulting in a judgment disapproving the same.

The details of the surcharge made as credits on the report thereto and disallowance of debits claimed therefrom form the basis of the appeal to the district court and then to this court, and for clarity must be stated. The administrator was charged with $857.98 shown in the report as cash on hand, with the amounts of $116.03, $108.70, and $85.60, admitted rental collections, which is claimed to be set forth in the supplemental report, the sum of $425 disallowed as expenses on appeal on the final report, and unaccounted for in the supplemental report, the sum of $225 admitted proceeds from sale of personal property unaccounted for, and the sum of $1,335.66 being the amount paid by the other two heirs as their proportional share of the deficit established by order of the county court on hearing the supplemental report. There was disallowed as debits claimed to the account the sum of $1,100, at $50 per month, for extraordinary services.

The court allowed the administrator full statutory compensation for ordinary services, together with certain expenses in connection therewith.

A great number of the legal difficulties involved in this appeal arises by virtue of the fact that the decision of the court was rendered May 8, 1931, a motion for new trial

filed by the appellant May 11, 1931, which was overruled May 23, 1931, and a proceeding had on the settlement of the journal entry of judgment on June 29, 1931, which was not signed until then; a new motion for new trial filed by appellant on June 2, 1931, which was overruled on July 17, 1931.

By appropriate assignments of error, the appellant attacks the judgment of the district court in so far as it varies from the decree of the county court. These numerous assignments of error are presented in six propositions, which need not be set out here, but which substantially raise the legal questions of the sufficiency of the evidence, the jurisdiction of the district court to pass on various matters on appeal from the county court, and that the judgment reflects matters neither considered nor decided at the trial.

For the purpose of brevity the specific items of $857.98 appearing in the report as cash on hand, and the amounts of $116.03, $108.70, and $85 appearing in the report as rentals collected, may be grouped and eliminated. These items appearing in the supplemental account had to occur prior to the filing thereof, and therefore were proper matters to consider on appeal in a trial de novo. These items were verified by the appellant to be correct, both in the account proper and in his testimony. The first suggestion by the appellant that they were incorrect was at the time the journal entry of judgment was settled, at which time he offered to show that on that date, not the date of the supplemental account, he had only $713.57, instead of the amount shown, and that this sum included the $225 with which the account was surcharged as proceeds from the sale of personal property and unlisted items of expenses were deducted. The appellant further contended that the three rental items were included in the cash on hands shown in the supplemental account. The court refused the offer, but gave the appellant ten days in which to file a pleading to correct the journal entry showing any sums spent or received other than what had been introduced in the record. The appellant did not avail himself of the opportunity granted, but predicates error on the action of the court.

An altogether sufficient answer to the contention is that if the court on appeal, in a trial de novo, had jurisdiction to determine issues arising after the filing of the supplemental account, the offer of additional evidence comes too late; if, on the other hand, the issues are limited to mat-

ters transpiring prior to the filing of the account, the remedy of the appellant is to file a new supplemental account in the county court covering the intervening period. As a corollary to the proposition, it is urged that these items were not considered in the trial, but inasmuch as they appear in the account proper, this contention is without foundation in the record.

The disallowance from debits claimed in the account of $1,100 paid for bookkeeping, $300 of expenses claimed, and $1,650 as compensation to the administrator for extraordinary services falls in the same category, and can be grouped. All of these items appear in the account filed and were within the issues to be tried, and were considered by the court, and the only question, therefore, is as to the sufficiency of the evidence to support the disallowance.

During the period embraced by the account, the administrator received $11,325.12, according to his report; the bookkeeping charge of $1,100 is nearly ten per cent. of the income, which upon its face, in absence of special circumstances, is excessive. In the general expenses, the administrator sought to make charges for trips from his home in Sapulpa to Tulsa, managing the affairs of the estate. The record presents some question as to the amount charged, the necessity therefor, and, more important, the propriety of accepting the trust in another county and attempting to charge for trips to the county where the estate was situated. Without question, under the state of the record, the disallowance of these expenses was within the discretion of the court, and is supported by a fair preponderance of the evidence if we apply the rule in law cases, and is by no means against the clear weight of the evidence, if we apply the rule in equity cases. In re Estate of Wah-kon-tah-he-ump-ah, 128 Okla. 179, 261 P. 973. The fact that an allowance as bookkeeping expenditure was made on appeal on the final account, before the distribution of property, does not justify the assumption that a like sum should be allowed during the period covered by the supplemental account. Section 1330, O. S. 1931, provides that the administrator be allowed all necessary expenses in the care, management, and settlement of the estate.

It is also true that an allowance may be made for expenditures for clerical assistance rendered necessary in the management of a large estate. Bancroft's Probate Practice, section 970; 24 C. J. 96. But it is also true that the burden of justifying expenses of administration for which he claims credit is upon the executor or administrator. Bancroft's Probate Practice, section 960. In making doubtful expenditures, it is always a part of caution for the representative to obtain advance authority from the probate court. In re Burke's Estate, 198 Cal. 163, 244 P. 340; In re Delaney's Estate, 41 Nev. 384, 171 P. 383; In re Hansen's Estate, 55 Utah, 23, 184 P. 197. The disallowance by the district court of the sum of $1,650, or any other amount as compensation to the administrator for extraordinary services, under the evidence, was in the discretion of the trial court. The record is voluminous as to the services rendered, but in a general way, they are no more than those that are ordinary and customary in the settlement of an estate, and were limited to the collection of assets and the preservation of the estate. The record discloses come litigation, but none that is unusual or uncommon in the estate of the value here involved, and the administrator was allowed the attorney fees expended therein. It is true that an appeal was taken from both the final account and the supplemental account, but upon each appeal the account as rendered was disapproved and disallowed. While there is no rule of strict application as to what constitutes extraordinary services, in a general way, it is services that are out of the common order or rule and consists of matters not usual, regular, or customary in the probate of an estate. In re Broome's Estate, 162 Cal. 258, 122 P. 470; Bancroft's Probate Practice, section 419. No extra compensation is warranted by the performance of such duties as leasing property, collection of rentals and interest, location of assets and selling personal property. In re Phelp's Estate, 186 Cal. 292, 199 P. 10; In re Parker's Estate, 186 Cal. 668, 200 P. 619. The finding of the trial court is not contrary to the weight of the evidence.

The correctness of the remaining surcharges made by the district court against the supplemental account of the administrator depends entirely on the question as to the issue triable on appeal in a trial de novo. The charge of $425 as expenses disallowed on the appeal from the final account and unaccounted for in the supplemental report was a proper charge for the reason that the matter transpired prior to the hearing of the supplemental account in the county court, and by proper exceptions was made an issue there, and was therefore an issue on appeal. The charge of $225 as proceeds of the sale of personal property, while admitted, it not appearing in the record that the sale occurred prior

to the hearing on the supplemental account before the county court, does not appear to have been an issue there, and thus could not be an issue on appeal. The charge of $1,335.66 paid by nonobjecting heirs as their proportional share of the deficit established by the order of the county court, assuming the same was an asset of the estate, was received by the administrator after the hearing in the county court on the supplemental account, and therefore could not have been an issue at the hearing, and thus could not be an issue on appeal. We might observe, parenthetically, however, to avoid future confusion, that it was unquestionable error to hold that these proceeds representing individual moneys of the two heirs, paid under a private arrangement to which they do not object, should be treated as an asset of the estate. The practical result of such holding would be to distribute one-third of the proceeds thus received to the third heir who paid none of the same, and who cannot be said to have an interest therein.

By section 13, art. 7, of the Constitution, the county court is given original jurisdiction in probate matters, including, of course, the settlement of accounts of personal representatives. By section 16, art. 7, of the Constitution, the jurisdiction of the district court in such matters is appellate only. This section of the Constitution, and section 1412, O. S. 1931, provide that the cause on appeal is tried de novo on questions of both law and fact. This court has held in numerous cases that a trial de novo has a well-defined and generally understood meaning, and does not contemplate the framing of new and different issues in the appellate court. Parker et al. v. Lewis, 45 Okla. 807, 147 P. 310; In re McGannon's Estate, 50 Okla. 288, 150 P. 1109; In re Estate of Talomase, 98 Okla. 212, 225 P. 156; Secrest v. Secrest, 146 Okla. 235, 294 P. 91; In re Copperfield's Estate, 158 Okla. 40, 12 P. (2d) 490. Stated in another way, these cases lay down the rule that in the trial of appeals from the county court in probate matters, while the cause is tried de novo in the district court, the latter court has only the power to render such judgment or make such order as the county court should have made.

The issues triable on appeal being thus restricted and the jurisdiction of the court being appellate only, it is apparent that the decision of the district court relates back to and becomes effective as of the date of the rendition of the judgment or order appealed from in the court of original jurisdiction, and, as a consequence, matters arising from the date of the original order or judgment should not be considered or determined.

The question of the issues triable on an appeal from a probate proceeding is jurisdictional, and is not waived by the failure to object to the introduction of extraneous matters, even though the same be accompanied by a pleading amended in the district court presenting the issue. Parker et al. v. Lewis, supra. To prevent any possible confusion as to the jurisdiction of the appellate court in a trial de novo, to consider items omitted in the account, on appeal, we desire to call attention to and distinguish other decisions of the court. In re Estate of Talomase, 98 Okla. 212, 225 P. 156, and approved in Foreman v. Bryan, Guardian, 145 Okla. 1, 291 P. 33, the court laid down the rule that items of account which were not included in the report of the guardian filed in the county court could not be considered on appeal by the district court. This rule is limited, however, to new items offered by the guardian or personal representative, and does not preclude the person excepting to the county court showing both in the county court and on appeal the omission of items beneficial to his interest. The reason for the rule is not for the purpose of restricting evidence on omitted items, but because the guardian or personal representative, as the case may be, vouches for the correctness of his account, and an exception thereto by an interested party does not present the issue of any omission that might benefit the guardian or personal representative.

The only additional question presented by this appeal is the effect of the election of two of the three heirs to abide the decision of the county court on the appeal de novo in the district court. Strictly speaking, under the decision we have reached, the matter of settlement transpiring after the rendition of judgment in the county court, the jurisdiction of the district court being appellate only, the question was not directly before the district court on appeal, nor is it before this court on appeal.

However, the appellant seems to contend that the mere nonjoinder of these heirs from the appeal would disentitle them from any benefit by reason of the modification or reversal of the decision in the district court, and cite in support thereof the cases of St. John v. Andrews Institute for Girls, 192 N. Y. 382, 85 N. E. 143, and In re Horner's

Will, 237 N. Y. 489, 143 N. E. 655; on the other hand, the appellee contends that under the plain provisions of sections 1411 and 1412, O. S. 1931, the appeal of one heir would necessarily confer jurisdiction on the district court in a trial de novo to affirm, reverse, or modify the judgment of the county court as to any or all parties.

We believe that, under the plain provisions of these statutes, it is unnecessary for an interested party to join in the appeal to the district court to obtain the benefit of the modification of the judgment, irrespective of whether the same be considered a joint or several judgment as rendered in the court of original jurisdiction.

The cases cited by the appellant, in so far as they relate to the particular question under consideration, are inapplicable, inasmuch as they do not involve appeals under the statutory procedure that we have. It is true, generally, as stated in those cases, that, on appeal, a joint judgment, whether rendered in law or equity, in the absence of statute, may not be affirmed as to one defendant and reversed as to another, but must be reversed in its entirety, while a several judgment may be affirmed as to the defendant appealing only, and, consequently, a defendant not appealing from a joint judgment is entitled to the benefit of a reversal on appeal by a co-defendant, while the reversal of a several judgment does not inure to the benefit of a party not appealing.

The record, however, discloses an affirmative stipulation whereby two of the heirs elect to abide and be bound by the decision as rendered in the county court. This election formally filed in the district court is in effect a settlement with the personal representatives as to all matters occurring before the hearing in the county court on the supplemental account, and should be so treated. We know of no reason why these heirs could not elect to abide the judgment of the county court. The interest of these heirs in distribution is several, not joint. St. John v. Andrews Institute for Girls, supra, and In re Horner's Will, supra.

It is in the power of the Supreme Court to reverse a judgment in part and affirm it in part where said judgment is severable and the parts are separated and not interwoven. Allen v. Allen, 85 Okla. 240, 205 P. 504.

The judgment of the trial court is affirmed in all respects, with these exceptions: The charge of $1,335.66 against the administrator for funds received from the two heirs is reversed. The charge of $225, admitted proceeds from the sale of personal property, is reversed and remanded for a new trial to ascertain the time of the sale to determine if it was within the issues properly triable. The judgment in so far as it fixes a liability against the administrator in favor of the two heirs who elected to be bound by the decision of the county court is reversed. The judgment should establish the liability of the administrator as of the date of the trial in the county court with the right on the part of all parties to demand an accounting for all matters transpiring thereafter in the county court.

The Supreme Court acknowledges the aid of Attorneys Clayton Carder, George L. Zink, and Finlay McLaury in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Carder, and approved by Mr. Zink and Mr. McLaury, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, and CORN, JJ., concur.