## In Re PADDOCK'S GUARDIANSHIP

(299 N. W. 867.)

(File No. 8412. Opinion filed September 9, 1941.)

Andrew S. Bogue, of Parker, and **Bailey, Voorhees, Woods & Bottum** and **M. T. Woods,** all of Sioux Falls, for Appellant.

**Everett A. Bogue,** of Vermillion, for Respondent.

RUDOLPH, J. This is a companion case to the case of In re Estate of Orrin Paddock, Deceased, No. 8411, 68 S. D. 179, 299 N. W. 865. Donald McMurchie, one of the administrators of the Orrin Paddock estate, was appointed guardian of the estate and person of Orrin Paddock, Jr. At the time of the appointment of the guardian, the ward was eleven years of age. The guardianship continued throughout the minority of the ward until he became of legal age on June 19, 1938. On July 16, 1938, the county court made its order discharging the guardian. This present proceeding is an application on behalf of the ward to have the order discharging the guardian set aside. The case was tried de novo in the circuit court under the provisions of SDC 35.2111, and the circuit court entered its order setting aside the discharge of the guardian. The guardian has now appealed to this court.

Ten days following the date when Orrin Paddock, Jr.,

reached his majority, he signed and delivered to his guardian an instrument, as follows:

"State of South Dakota⎫
                 ⎬ss.
"County of Turner    ⎭

"Orrin Paddock, Jr., being duly sworn says; that he is the Orrin Paddock Jr., named in the above entitled guardianship proceedings; that he is now twenty one years of age; that he was twenty one years of age on the 19th day of June, 1938; that he has received from his guardian, Donald McMurchie, all property of every name, nature and description coming to the said Guardian for this affiant and the affiant asks that the said Donald McMurchie be discharged as his guardian.

"Orrin Paddock.

"Subscribed and sworn to before me this 29th day of June, 1938.

"John N. Thomson,

"(Seal) Notary Public, South Dakota."

■ The question of the jurisdiction of the county court to set aside this discharge of the guardian is governed by the opinion in the Paddock Estate case, No. 8411, supra. Appellant contends in this case that the release signed by the ward precludes the court from now setting aside the discharge. With regard to this release the trial court found, as follows:

"That at the time the said guardian made the purported settlement with his ward and obtained from him an alleged release, and prior thereto, the said guardian failed to inform his said ward as to all the facts with reference to his various transactions as such guardian; and that said ward was not fully advised as to the said guardianship at the time of said settlement and at the time he signed said purported release."

SDC 14.0512 provides, as follows:

"After a ward has come to his majority, he may settle accounts with his guardian and give him a release which is valid if obtained fairly and without undue influence.

"A guardian appointed by a court is not entitled to his discharge until one year after the ward's majority."

186

■ Whether the last portion of the above quoted section, in view of the release, is sufficient justification for the court's present order we need not now decide. The court having jurisdiction to determine whether the order discharging the guardian should be set aside, we are of the opinion that necessarily incident to an efficient exercise of this jurisdiction it might determine whether the release signed by the ward, and upon which the order discharging the guardian was based, at least in part, was obtained fairly as required by the statute. 21 C.J.S., Courts, § 301, p. 540; In re Noble's Estate, 141 Kan. 432, 41 P.2d 1021, 97 A.L.R. 463; Payton et al. v. Rogers et al, 66 S. D. 486, 285 N. W. 873.

■ A review of the record in its light most favorable to respondent justifies the opinion of the trial court that the ward was acting without full knowledge of the facts, and that the guardian failed to disclose all the facts with reference to his various transactions as such guardian. As stated in Bancroft's Probate Practice, Volume 4, Page 2288: "The courts look with distrust upon settlements made by guardians with wards recently coming of age. From the confidential relation between them it will be presumed that the ward was acting under the influence of the guardian, and all transactions between them prejudicially affecting the interests of the ward will be held to be constructively fraudulent, and will be set aside unless shown to have been the deliberate act of the ward with full knowledge of the transaction."

■ The same facts which justify the trial court in its conclusion that the release was not obtained fairly, justify its action in setting aside the final discharge, and ordering the guardian to render an account. A review of these facts further than the review herein and in the companion case would not be helpful.

The order appealed from is affirmed.

POLLEY, P.J., and WARREN, J., concur.
ROBERTS and SMITH, JJ., not sitting.