# IN RE SCHOCKER'S ESTATE

## (107 N.W.2d 295)

(File No. 9870. Opinion filed January 27, 1961)

**J. H. Lammers,** Madison, for Appellant.

**Kirby, McDonnell & Kirby,** Sioux Falls, for Respondent.

HANSON, J. This appeal concerns probate accounting practice and procedure.

Gus Schocker, a bachelor, died testate on April 10, 1956, after a lingering illness. His surviving heirs are a brother, Henry R. Schocker; two sisters, Mary Schocker Sherrill and Alice Schocker Pratt; and two children of a deceased sister, Theresa Schaeffer and Harold Julien. Decedent bequeathed a one-fourth share each of the estate to his brother and two sisters. His niece and nephew were given a one-eighth share each.

Decedent's will was admitted to probate in the County Court of Lake County. Henry R. Schocker was appointed and qualified as executor. During the course of the administration Henry filed a claim of $2,500 against the estate for services rendered decedent from 1951 to 1955. The services were for supervising and managing farm properties owned by decedent. Henry's wife, Laura T. Schocker, also filed a claim of $4,725 for room and board, nursing care, and services rendered decedent during the period of his last illness.

On August 23, 1957, Henry R. Schocker, as executor, filed his final report and petition for final distribution. His claim in the amount of $2,500 and the claim of Laura T. Schocker were listed as disbursements. It does not appear that the executor's claim was presented to the Judge of the County Court for allowance or rejection, before payment, as required by SDC 35.1413. At the time appointed for hearing two of the heirs, Theresa Schaeffer and Harold Julien, appeared and filed written objections to the claims of Henry and Laura Schocker. The Hon. Andrew Quist, County Judge, entered an order on September 7, 1957, disallowing both claims. No final decree was made or entered

and the record does not indicate that hearing on the petition for final distribution was postponed by order of the court to a day certain as contemplated by SDC 35.1609.

The claimants appealed to circuit court. This appeal was heard by the Hon. Roy D. Burns, Circuit Judge presiding. On May 10, 1958, Judge Burns entered findings of fact, conclusions of law, and judgment approving the claim of Laura T. Schocker whereas the claim of Henry Schocker was "in all things, disallowed and not approved." The judgment of the circuit court further provided that the proceedings be "remanded to the County Court for further action by said Court consistent herewith."

Henry then filed an affidavit of prejudice against the Hon. Andrew Quist and the Hon. George A. Rice, Circuit Judge, was appointed to act in his stead. Based upon the final report and petition for final decree heard by the county court on September 7, 1957, Judge Rice, without further notice of the time and place of hearing on the petition for final distribution, entered a final decree on August 4, 1958. It provided, among other things, that no persons, other than Harold Julien and Theresa Schaeffer, appeared to contest or object to the final report and petition for final distribution and ordered the executor's final account be approved except the claim of Henry R. Schocker be "denied, disapproved and disallowed in so far as said claim affects the rights and interests of the objectors, Harold Julien and Theresa Schaeffer * * * and that the interest of the said Harold Julien in and to said claim is the sum of Three Hundred Twelve and 50/100 Dollars ($312.50), and the interest of Theresa Schaeffer in and to said claim is the sum of Three Hundred Twelve and 50/100 Dollars ($312.50), and that the executor be, and he hereby is, ordered and directed to pay said amounts to said persons in addition to the amounts set forth in the final report * * *." The final decree further ordered the executor to pay the other heirs the specific sums they were entitled to as set forth in the executor's final report.

On September 3, 1958, Judge Rice, on written motion of Mary Schocker Sherrill, entered an order to show cause why the final decree should not be amended to provide for the distribution of the sum of $1,875 remaining undistributed in the estate from the claim of Henry R. Schocker which had been disallowed by the Circuit Court in its judgment on May 10, 1958. After hearing such motion the county court entered an Amended Final Decree on October 21, 1958, modifying the final decree by allowing an additional distribution of $625 each to Henry R. Schocker, Mary Schocker Sherrill, and Alice Schocker Pratt, said amounts being the balance remaining undistributed in the estate from the disallowed claim of Henry R. Schocker after deducting the sums of $312.50 each previously distributed to Harold Julien and Theresa Schaeffer under the final decree.

Henry R. Schocker, individually and as executor, then appealed from the amended final decree to the circuit court. This appeal was heard by the Hon. Francis G. Dunn, Circuit Judge presiding. On March 11, 1960, the circuit court entered findings of fact, conclusions of law and judgment approving and affirming the amended final decree of the county court. From this judgment the same appellant appeals to this court.

The appellant contends that when an interested party fails to appear and object to an account rendered by an executor of an estate all items therein are established as correct, pro confesso. A nonobjecting heir is entitled to receive only his pro rata share of the assets shown in the original account whereas a successful objector, in addition, receives a pro rata share of the amount surcharged against the executor. This theory of distribution was evidently embodied in the original final decree wherein the two objecting heirs, Harold Julien and Theresa Schaeffer, were allowed their pro rata shares of the disallowed claim of Henry R. Schocker to the exclusion of the three nonobjecting heirs.

The authorities cited by appellant do not clearly sustain his contention. In the following cases no objection to the account was made by any interested party at the time of hearing: In re Gordon's Estate, 166 Misc. 363, 2 N.Y.S.2d 515; In re Kananack's Estate, 155 Misc. 35, 278 N.Y.S. 898; and Clemmons v. Clemmons, 198 Ark. 430, 128 S.W.2d 994. All concern probate appellate practice of other jurisdictions. Regardless, the rule in South Dakota is otherwise.

■ ■ Throughout proceedings to probate an estate interested parties at their option are given opportunities at various stages to appear and object. A failure to appear and object does not change their status or rights in the estate. For example, when a will is offered for probate any person interested may appear and contest the same. If a will was declared invalid upon the contest of a single heir, it could not seriously be contended such will would be invalid as to the contestant and valid with respect to noncontesting heirs, legatees, or devisees. Similarly, when an administrator or executor renders an account any person interested may appear and contest same. Anyone who fails to appear and object impliedly consents to the settlement of the account as rendered. Nevertheless, if an executor or administrator is surcharged in his accounts by virtue of a successful contest by one party, the amount surcharged inures to the benefit of all interested parties in the same manner as any other asset of the estate.

■ The same rule applies in probate appeals. According to our statutes "Any party aggrieved may appeal" to the circuit court from a judgment, decree, or order of the county court settling an account of an executor, administrator, or guardian. SDC 35.2101 and 35.2102. Even though the judgment, decree, or order of the county court is several in nature it is unnecessary, under our statutes, to join all the interested parties in the appeal. An appeal by one of several heirs confers jurisdiction on the circuit court as to all parties and it is unnecessary for an interested party to join in the appeal to obtain the benefit of a modification or reversal of the judgment, decree, or order appealed from, Wise v.

Cutchall, 171 Okl. 60, 41 P.2d 864, and the judgment of the circuit court, whether it be an affirmance, reversal, or modification, affects all of the interested parties equally. Bell v. Davis, 43 Okl. 221, 142 P. 1011, Ann.Cas. 1917C, 1075; Kelleam v. Kelleam, 198 Okl. 380, 178 P.2d 604; Cook v. Morrison, 202 Okl. 693, 217 P.2d 810. These Oklahoma cases involve a consideration and construction of statutes identical with ours.

In any event the issue with reference to the disputed claim was decided by the circuit court in its judgment dated May 10, 1958, and signed by the Hon. Roy D. Burns, wherein the claim of Henry R. Schocker was "in all things disallowed" and the proceedings remanded to the county court for further action "consistent herewith". No appeal was taken from such judgment nor was action commenced against the estate by service of a summons upon the Judge of the County Court as required by SDC 35.1413 when an executor's claim is rejected.

■ On remand the county court had no authority to determine the issue anew. It had no discretion to exercise. Its duty was merely to carry out the mandate of the circuit court. It mistakenly failed to do so in the final decree which was entered ex parte. The respondent heir, Mary Schocker Sherrill, had no notice of the application to Judge Rice for final distribution or knowledge of the contents of the final decree until a copy was served upon her after the decree was entered. She thereupon promptly moved to have the same amended to conform with the judgment of the circuit court. After notice and hearing the county court entered its amended final decree consistent with the judgment of the circuit court whereby all of the heirs were allowed their proportionate share of the unauthorized claim. The amendment was made by the court for the reason "That said additional money is undistributed and is in the estate as the result of the complete disallowance of the claim of Henry R. Schocker in the sum of Two Thousand Five Hundred Dollars ($2,500) by the Circuit Court of Lake County in its Judgment of May 10, 1958".

■ ■ Contrary to appellant's contention, the county court possessed both inherent and statutory power to amend its final decree consistent with the mandate of the Circuit Court. In approving an amendment to the final decree entered nunc pro tunc nine years after the entry of the original decree this court stated in the case of In re Loevinger's Estate, 40 S.D. 450, 167 N.W. 726, at page 727, that "All courts of record have inherent power to make their judgments correspond with the real judgment intended, and lapse of time, where other rights do not intervene, does not take away such power. * * * This rule in no way militates against the provisions of section 308, Prob.Code (now SDC .35.1708), because that section refers to the real judgment of the court and not necessarily to the paper expression of it." We do not have the elements of lapse of time or intervening rights here. The motion to amend was promptly made and filed within the time allowed for appeal. Within that period a county court clearly has the inherent power to correct a mistake established by the record. Brown v. Brown, 49 S.D. 167, 206 N.W. 688. Also, under the circumstances, the power of the county court to amend its final decree may be confirmed under the explicit authority of SDC 32.0909 (13) wherein original jurisdiction is vested in a county court, "For sufficient cause and upon such notice as the court may direct, and subject to the right of bona fide purchasers and incumbrances, to reopen and correct any order or judgment made by such court * * *". In this regard see In re Stroup's Estate, 40 S.D. 37, 166 N.W. 155, and In re Paddock's Guardianship, 68 S.D. 183, 299 N.W. 867.

The judgment appealed from is affirmed with costs taxed against appellant individually and not in his fiduciary capacity.

All the Judges concur.